# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30960

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

OSCAR HILLS, IV,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-46

Before JOLLY, HIGGINBOTHAM, and OWEN, Circuit Judges.

PER CURIAM:*

Oscar Hills, IV, pleaded guilty to four counts of wire fraud.  Hills moved to withdraw his guilty plea before the district court and now appeals the district court's decision to deny the motion.  We affirm.

**I**

Hills was indicted on four counts of wire fraud in connection with fraudulent invoices sent to State Farm Fire and Casualty Company.  He was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

represented at trial by J. Rodney Baum.  On the second day of his bench trial, Hills pleaded guilty to all four counts.  Hills subsequently attempted to file a motion, without Baum's assistance, to withdraw his guilty plea and retain new counsel.  Upon learning of this, Baum filed a motion to withdraw as counsel, which the court granted.  Shortly after, Hills filed a pro se motion to withdraw his guilty plea in which he asked the court to "give [him] the opportunity to hire another attorney or be appointed another one."  He appeared pro se at the plea-withdrawal hearing.  The district court denied Hills's motion to withdraw his plea.  Replacement counsel was later appointed.  Hills filed a motion to reopen the hearing on the motion to withdraw his plea in which he argued that because he did not have an attorney, he was unable to introduce relevant evidence at the plea-withdrawal hearing.  The court denied the motion to reopen.  Hills was sentenced to thirty-three months of imprisonment and a three-year term of supervised release.  He was also ordered to pay $88,797.48 in restitution.

In the subsequent habeas corpus proceeding under 28 U.S.C. § 2255, Hills, acting pro se, alleged the denial of effective assistance of counsel, among other claims.  This court granted a certificate of appealability on certain issues, including whether Hills's Fifth and Sixth Amendment rights were violated when the trial court did not address his request for appointed counsel in connection with the plea-withdrawal hearing and when the trial court allowed Hills to proceed pro se at the hearing without first ensuring that his decision to proceed pro se was knowingly and intelligently made.  We remanded for the limited purpose of determining whether the district court would allow the defendant to proceed pro se, to hire an attorney, or to be appointed an attorney in a plea-withdrawal hearing.  On remand, the district court appointed counsel for Hills and conducted a second hearing on Hills's motion to withdraw his

guilty plea. The motion to withdraw the plea was again denied, and Hills now appeals that denial to this court.

## II

We review a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion.[1] "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."[2] Because the considerations of whether to allow the withdrawal of a plea involve factual determinations, this court reviews the district court's decision for clear errors in assessing the evidence.[3]

When a defendant "state[s] at his hearing that his plea [is] freely and voluntarily made, and that he underst[ands] the nature of the charges against him and the nature of the constitutional rights he [is] waiving[, t]hese statements act to create a presumption that in fact the plea is valid."[4] Accordingly, there is no absolute right to withdraw a plea.[5] The *Carr* test sets forth seven factors to consider when evaluating the denial of a motion withdraw a guilty plea.[6] If applicable, the court also considers "the reasons why a defendant delayed in making his withdrawal motion."[7] "[W]e ultimately

---

[1] *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014).

[2] *Id.* (internal quotation marks and citation omitted).

[3] *See id.* at 364-68 (applying the seven-factor test of *United States v. Carr,* 740 F.2d 339, 343-44 (5th Cir. 1984)).

[4] *Matthew v. Johnson*, 201 F.3d 353, 366 (5th Cir. 2000).

[5] *Urias-Marrufo*, 744 F.3d at 364.

[6] *Id.* at 364 (quoting *Carr,* 740 F.2d at 343-44) (setting forth the factors: whether (1) the defendant has asserted his innocence; (2) the government would suffer prejudice if the withdrawal motion were granted; (3) the defendant has delayed in filing his withdrawal motion; (4) the withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available; (6) the original plea was knowing and voluntary; and (7) the withdrawal would waste judicial resources).

[7] *Id.* (quoting *Carr,* 740 F.2d at 344).

examine the totality of the circumstances."[8]  After considering the record, we conclude that the district court's denial of Hills's motion to withdraw his plea was not an abuse of discretion.

## III

Hills also argues on appeal that this court's remand, which resulted in a new hearing on his motion to withdraw his guilty plea at which Hills was represented by counsel, was not a sufficient remedy for the denial of the right to counsel at his original plea-withdrawal hearing.  Hills urges that he was instead entitled to a new trial.  We disagree.

The remedy provided on remand was sufficient to cure the deprivation of his right to counsel, assuming one occurred.  This court has assumed, but never held, that a plea-withdrawal hearing is a critical stage of a criminal proceeding, thus implicating the Sixth Amendment right to counsel.[9]  We make a similar assumption today for the purpose of determining whether Hills has been provided an adequate remedy.

"Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation . . . ."[10]  "[A] remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the [Government] properly invested in the criminal prosecution."[11]

---

[8] *Id.*

[9] *United States v. Robles*, 445 F. App'x 771, 778 (5th Cir. 2011); *United States v. Presley*, 415 F. App'x 563, 568 (5th Cir. 2011) (per curiam).

[10] *United States v. Laury*, 49 F.3d 145, 150 (5th Cir. 1995) (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)) (internal quotation marks omitted); *see also United States v. Cronic*, 466 U.S. 648, 659 (1984) ("[A] trial is unfair if the accused is denied counsel at a critical stage of his trial.").

[11] *Lafler v. Cooper*, 132 S. Ct. 1376, 1388-89 (2012) (citations omitted).

No. 13-30960

In the previous litigation before this court, Hills expressly requested a new hearing on his motion to withdraw his guilty plea as a possible remedial measure. The district court held a second plea-withdrawal hearing at which Hills was represented by counsel. Under these circumstances, the remedy of a new plea-withdrawal hearing with representation by counsel was "tailored to the injury suffered," did not "needlessly squander" the resources invested in the prosecution, and sufficiently "neutralize[d]" the violation, assuming there was one, of Hills's right to counsel.[12]

\*     \*     \*

For the foregoing reasons, this court AFFIRMS the district court's denial of Hills's motion to withdraw his guilty plea.

---

[12] *Morrison*, 449 U.S. at 365; *Laury*, 49 F.3d at 150 (quoting *Morrison*, 449 U.S. at 364) (internal quotation marks omitted); *see also United States v. Joslin*, 434 F.2d 526, 529-31 (D.C. Cir. 1970) (vacating the district court's denial of a motion to withdraw a guilty plea where the defendant did not have assistance of counsel at his plea-withdrawal hearing and remanding to the district court for a "proper" plea-withdrawal hearing); *United States v. Segarra-Rivera*, 473 F.3d 381, 387 (1st Cir. 2007) (concluding that a defendant's Sixth Amendment right to counsel was violated when there was a showing that the defendant's attorney had a conflict of interest at the plea-withdrawal hearing and remanding to the district court for a new plea-withdrawal hearing with conflict-free counsel).