# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-50654
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIAS A. ESTRELLA,

Defendant-Appellant

————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-222-2

————

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:*

Elias A. Estrella pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute five kilograms or more of cocaine and was sentenced to 240 months of imprisonment and 10 years of supervised release. The appeal waiver provision in Estrella's plea agreement does not bar this appeal because the Government has not sought to enforce it. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50654

Estrella argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.  He cites his repeated claims of actual innocence; the failure of the Government to substantiate its claim of prejudice resulting from a withdrawal of the plea; the district court's erroneous reliance on a busy docket when finding that a withdrawal would inconvenience the court and waste judicial resources; and ineffective assistance of counsel which contributed to an unknowing and involuntary plea.

Once the district court accepts a defendant's guilty plea, the defendant has no absolute right to withdraw his guilty plea. *United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997).  A district court may grant a motion to withdraw a guilty plea upon a showing of "a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  This court reviews the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014).

In determining whether a district court has abused its discretion in denying withdrawal, this court traditionally employs the seven factor test set out in *United States v. Carr*, 740 F.2d 339, 343-344 (5th Cir. 1984), considering whether (1) the defendant has asserted his innocence; (2) the Government would suffer prejudice if the motion were granted; (3) the defendant has delayed in filing his motion; (4) the withdrawal would substantially inconvenience the court; (5) the defendant received the close assistance of counsel; (6) the original plea was knowing and voluntary; and (7) the withdrawal would waste judicial resources.  These factors are not exclusive, and, ultimately, this court makes its determination based on the totality of the circumstances. *Id.* at 344.

The district court did not abuse its discretion in denying Estrella's motion to withdraw his guilty plea.  Estrella's assertion of innocence, without

identification of any specific evidence to substantiate his claim, was insufficient to demonstrate that the district court erred in denying his motion to withdraw his guilty plea. *See United States v. Clark*, 931 F.2d 292, 294-95 (5th Cir. 1991). In addition, the district court correctly determined that Estrella delayed in filing his motion to withdraw his guilty plea given that he waited two months after his rearraignment and he followed with two subsequent withdrawals and filings of the same motion. *See United States v. London*, 568 F.3d 553, 563-64 (5th Cir. 2009); *Carr*, 740 F.2d at 345.

Although Estrella contends that the passage of time has not impeded the Government's ability to bring him to trial, "the absence of prejudice to the Government does not necessarily justify reversing the district court's decision" to deny a motion to withdraw a guilty plea. *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009). In light of its extremely busy docket, the district court correctly determined that granting Estrella's motion to withdraw would inconvenience the district court and waste judicial resources. *See McKnight*, 570 F.3d at 650. The district court also did not err when it found that Estrella had close assistance of several attorneys during the pendency of his criminal case. Finally, his statements at the rearraignment hearing show that he entered a knowing and voluntary plea. Estrella's declarations are entitled to a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Based on the totality of the *Carr* factors, the district court did not abuse its discretion when it denied Estrella's motion to withdraw his guilty plea. *See Urias-Marrufo*, 744 F.3d at 364.

AFFIRMED.