# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-51115

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SONIA C. TALLEDOS-MUJICA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1242-1

Before DAVIS, GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant Sonia C. Talledos-Mujica ("Talledos-Mujica") appeals from the district court's denial of her motion to withdraw her guilty plea. Following that denial, the district court entered a final judgment of conviction and sentenced her to three years of probation. For the reasons stated in *United States v. Urias-Marrufo*, — F.3d — (5th Cir. 2014), also decided today, we vacate and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51115

I.

Talledos-Mujica is a permanent resident of the United States, not a citizen.   On May 4, 2012, while trying to enter the United States from Mexico at a Port of Entry in El Paso, Texas, she was arrested and charged with illegally transporting a minor, a national of Mexico.   She was appointed counsel on May 8, 2012.   On May 23, 2012, she was indicted, and on July 27, 2012, she entered a guilty plea before the magistrate judge pursuant to a plea agreement, acknowledging potential immigration consequences.

Following the entry of her guilty plea but prior to sentencing, Talledos-Mujica retained new counsel, then filed a motion to withdraw her guilty plea. She asserted by affidavit that her former appointed attorney had never told her that she would definitely be deported as a consequence of pleading guilty and indeed had not told her of *any* immigration consequences of the plea.   She also claimed that if she had known of the certain consequences, she would not have pled guilty.

Thus, Talledos-Mujica clearly presented a claim under *Padilla*, argued that her guilty plea was not knowing and voluntary, and alleged facts that, if true, could support relief.   Nevertheless, the district court analyzed her claims only under the "close assistance of counsel" factor from the non-exclusive considerations set out in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), and refused to address the *Padilla* claim outside of a collateral proceeding or make findings of fact on that claim.   Thus, the district court denied her motion to withdraw under *Carr* and sentenced her to three years of probation.   She now appeals the district court's denial of her motion to withdraw her guilty plea.

No. 12-51115

II.

For the reasons stated in *United States v. Urias-Marrufo*, — F.3d — (5th Cir. 2014), also decided today, we conclude that the district court erred in holding that it could not address Talledos-Mujica's *Padilla* claim directly, only in a collateral proceeding.   Talledos-Mujica presented both her *Padilla* claim and facts which, if true, could support relief.   Thus, we vacate and remand for the district court to address her *Padilla* claim, including making findings of fact.   As in *Urias-Marrufo*, the district court has discretion to hold an additional evidentiary hearing but is not required to do so.   We remand only for the district court to consider additional evidence if needed and, for the first time, address Talledos-Mujica's squarely presented *Padilla* claim.

III.

Accordingly, we vacate and remand for further proceedings consistent with this opinion.

No. 12-51115

EMILIO M. GARZA, Circuit Judge, specially concurs for the reasons stated in his special concurrence in *United States v. Urias-Marrufo*, — F.3d — (5th Cir. 2014).