# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2014

Lyle W. Cayce
Clerk

No. 13-50085

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANA VICTORIA URIAS-MARRUFO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, GARZA and DENNIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Ana Victoria Urias-Marrufo ("Urias") appeals from the district court's denial of her motion to withdraw her guilty plea. Following that denial, the district court entered a final judgment of conviction and sentenced her to imprisonment of 37 months. We vacate and remand.

I.

Urias has lived in Odessa, Texas since 1993. She is not a citizen of the United States but obtained permanent resident status in 1996 when she was eight years old. On January 12, 2012, she was indicted with five other individuals for possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. She was

initially represented by Raymond Fivecoat, but the court granted a motion to substitute counsel on February 2, 2012, substituting Laura Carpenter for Fivecoat.    On March 1, 2012, she pled guilty before a magistrate judge pursuant to a written plea agreement.    The district court adopted the magistrate judge's recommendation and accepted the plea on April 4, 2012.

Following the entry of her guilty plea but prior to sentencing, Urias obtained new counsel, Steve Spurgin, and the district court granted Urias's second motion to substitute counsel on May 16, 2012.    Two days later, she filed a motion to withdraw her guilty plea under Fed. R. Crim. P. 11, based primarily on *Padilla v. Kentucky*, 559 U.S. 356 (2010), arguing that she received ineffective assistance of counsel under the Sixth Amendment which precluded her from making a knowing and voluntary guilty plea under Rule 11.    Specifically, in a handwritten statement made under penalty of perjury and in her testimony at the hearing on her motion to withdraw, she claimed that neither Fivecoat nor Carpenter informed her that her guilty plea would subject her to certain deportation.    She asserted that if she had known for sure at the time she pled guilty that she would be deported as a result, she would not have entered the guilty plea.

The district court denied the motion at the hearing and issued a memorandum order afterward.    In short, the district court found that, under the totality of the circumstances, including the factors set out in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), Urias should not be permitted to withdraw her guilty plea under Rule 11.    The district court reasoned that although Urias claimed that her first two attorneys had not informed her of certain immigration consequences under *Padilla*, that issue pertained only to a collateral attack under 28 U.S.C. § 2255 for ineffective assistance of counsel

No. 13-50085

and could not be addressed on direct appeal on a motion to withdraw her guilty plea.   Thus, the district court denied the motion and subsequently sentenced her to 37 months in prison.   She now appeals the district court's denial of her motion to withdraw her guilty plea.

## II.

We have jurisdiction over this timely criminal appeal under 28 U.S.C. § 1291.   We review the district court's denial of Urias-Marrufo's motion to withdraw her guilty plea for an abuse of discretion.[1]   "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."[2]

## III.

Urias argues that the district court abused its discretion when it denied her motion to withdraw her guilty plea. There is no absolute right for a defendant to withdraw a plea.[3]   However, a defendant may withdraw a guilty plea after the district court has accepted it but prior to sentencing it if she "can show a fair and just reason for requesting the withdrawal."[4]   In our review of the denial of a motion to withdraw a guilty plea, this court employs the seven-factor *Carr* test:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the

---

[1] *United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997 (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)).

[2] *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998).

[3] *United States v. Lampazianie*, 251 F.3d 519, 523–24 (5th Cir. 2001).

[4] FED. R. CRIM. P. 11(d)(2)(B).

No. 13-50085

> withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources . . . .[5]

We also consider, where applicable, "the reasons why a defendant delayed in making his withdrawal motion."[6]   The above factors are non-exclusive, and we ultimately examine the totality of the circumstances.[7]

The district court found that each of the seven *Carr* factors weighed against granting Urias's motion to withdraw.   Although Urias discusses all of the factors on appeal, her primary argument focuses on two factors in particular.   We find at the outset that the district court did not abuse its broad discretion with respect to its findings on the other five factors, and we turn our attention to her critical points.   She claims that the district court abused its discretion because (a) she did not have close assistance of counsel at the time the plea was made, and (b) her plea was not knowing and voluntary because she had ineffective assistance of counsel under *Padilla* because she was not informed prior to her guilty plea that she would definitely be deported as a consequence of pleading guilty.   Although Urias's brief conflates these two factors, they are distinct and must be addressed separately.

## IV.

Determining whether Urias received close assistance of counsel "requires a fact-intensive inquiry."[8]   This inquiry is distinct from whether she

---

[5] *Carr*, 740 F.2d at 343–44 (footnotes omitted).

[6] *Id.* at 344.

[7] *Id.* (citing *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir. 1976).

[8] *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

received effective assistance of counsel.[9]   Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and is not, strictly speaking, relevant to the decision of whether Defendant was denied close assistance of counsel under *Carr* analysis.[10]   In *Carr*, for example, the defendant argued that the district court abused its discretion in denying his motion to withdraw his guilty plea because his trial counsel failed to inform the defendant of a potential defense to the charge against him.[11]   The evidence, on the other hand, showed that the defendant's attorney closely assisted the defendant by (1) informing him of potential conflicts of interest, (2) negotiating a favorable plea agreement with the government, and (3) questioning defendant about his reliance on the advice of previously retained counsel with regards to tax matters.[12]   We held in *Carr* that the defendant had received close assistance of "highly effective counsel."[13]

At the plea hearing before the magistrate judge, Urias testified that she had discussed with her attorney the possible adverse immigration consequences of pleading guilty to a felony offense.   She acknowledged she understood that, by pleading guilty, she "may be deported and removed from the United States, [and] that [she] might never be permitted to enter or reside in the United States lawfully" again.   Nevertheless, Urias chose to continue with her guilty plea.

---

[9] *Id.*

[10] *Id.*

[11] *Carr*, 740 F.2d at 342-43. *See also McKnight*, 570 F.3d 641, 646 (5th Cir. 2009) (summarizing the close-assistance analysis in *Carr*).

[12] *Id.*

[13] *Carr*, 740 F.2d at 345.

No. 13-50085

The record in this case reflects that counsel at the plea hearing for Urias did not file any substantive motions, but this is not dispositive. As stated earlier, a district court abuses its discretion if it denies a defendant's motion to withdraw a guilty plea based on an error of law or "a clearly erroneous assessment of the evidence."[14]  Urias's statements before the magistrate judge provide a sufficient basis for the district court to find that close assistance of counsel was available to Urias. Thus, the district court's finding was not clearly erroneous and does not amount to an abuse of discretion.

V.

We next look to whether Urias's guilty plea was knowing and voluntary, which is inextricably tied to her ineffective assistance of counsel claim under the Sixth Amendment. We reiterate that there is a significant distinction between close assistance of counsel under *Carr*'s Rule 11 analysis and Sixth Amendment effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, including *Padilla*. Counsel's assistance may be close without being effective.

To enter a knowing and voluntary guilty plea, the defendant must have a "full understanding of what the plea connotes and of its consequence."[15] The defendant must have notice of the nature of the charges against her, she must understand the consequences of her plea, and must understand the nature of the constitutional protections she is waiving.[16] For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced

---

[14] *Mann*, 161 F.3d at 860.

[15] *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

[16] *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." [17]    The crux of Urias's argument is that she did not enter her guilty plea *knowingly* because she had ineffective assistance of counsel and was not sufficiently informed of the consequences of her plea.    Thus, in Urias's view, she should have been allowed to withdraw her plea on direct appeal rather than wait until a collateral attack to do so, and the district court erred in not addressing it.

Claims for ineffective assistance of counsel are analyzed under the Supreme Court's two-prong *Strickland* test, which first asks whether "counsel's representation 'fell below an objective standard of reasonableness.'"[18]    Next, it asks "whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[19]    *Padilla* broke new ground by applying the *Strickland* test in a new context: counsel's advice regarding deportation.[20]

In *Padilla*, the Supreme Court announced for the first time that defense counsel has an obligation under the Sixth Amendment to inform his noncitizen client "that the offense to which he was pleading guilty would result in his removal from this country."[21]    The Court defined the scope of this duty as follows:

> When the law is not succinct and straightforward . . . ,
> a criminal defense attorney need do no more than

---

[17] *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

[18] *Padilla*, 559 U.S. at 366 (quoting *Strickland*, 466 U.S. at 688).

[19] *Id.* (quoting *Strickland*, 466 U.S. at 694).

[20] *Chaidez v. United States*, 133 S. Ct. 1103, 1108-10, 185 L. Ed. 2d 149 (2013).

[21] *Id.* at 360; *see also id.* at 367 ("We conclude that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel.")

No. 13-50085

> advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.[22]

Thus, *Padilla* focuses on the first prong of the *Strickland* test, the reasonableness of counsel's representation. The Supreme Court cautioned that a defendant seeking to invoke the rule of *Padilla* would still have to prove the *Strickland* test's much more difficult second prong, i.e., convince the district court "that a decision to reject the plea bargain would have been rational under the circumstances."[23]

*Padilla* was decided in a collateral proceeding, not a direct criminal appeal, but the new duty it imposed on defense counsel under the Sixth Amendment raises concerns which a court should address sooner rather than later if clearly presented in a direct proceeding. Urias's combining a Rule 11 issue (whether her guilty plea was knowing and voluntary) with a Sixth Amendment issue (whether she received effective assistance of counsel) is a bit unusual in this circuit, but it is not forbidden. "The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal *when the claim has not been before the district court since no opportunity existed to develop the record on the merits of the allegation.*"[24] More specifically, "[w]e do not review a claim of ineffective assistance of counsel on direct appeal unless the district court has first addressed it or unless the record

---

[22] *Id.* at 369.

[23] *Id.* at 372 (citing *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 486 (2000)).

[24] *United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009) (emphasis added).

is sufficiently developed to allow us to evaluate the claim on its merits."[25] (Most sister circuits similarly permit ineffective assistance of counsel claims on direct appeal when appropriately presented.[26])    Thus, there is no impediment under this circuit's precedent to our reviewing Urias's *Padilla* claim if the district court addressed it or if the record is sufficiently developed to address the merits on appeal.

Urias clearly presented her *Padilla* claim below as a claim for ineffective assistance of counsel under the Sixth Amendment, and she re-urges that claim on appeal.    Urias correctly argues that, under *Padilla*, she was required to be

---

[25] *United States v. Villegas–Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999) (addressing the merits of an ineffective assistance claim even though it was raised for the first time because the record was sufficiently developed); *see also United States v. McDonald*, 416 F. App'x 433, 436 (5th Cir. 2011) (addressing the merits of an ineffective assistance of counsel claim on direct appeal where the district court had misapplied *Strickland* to the facts presented in sworn affidavits by the defendant and his counsel).

[26] *See, e.g.*, *United States v. Pellerito*, 878 F.2d 1535, 1537-38 (1st Cir. 1989) (applying two-step *Strickland* analysis to withdrawal of a guilty plea for ineffective assistance of counsel to require defendant to show both that the representation "fell below an objective level of reasonableness" and that prejudice would have resulted, i.e., that the defendant "would not have pleaded guilty and would have insisted on going to trial" if not for the unreasonable representation); *United States v. Arteca*, 411 F.3d 315, 319-20 (2d Cir. 2005) (similar); *United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003) ("'[A] narrow exception to the rule that defendants cannot attack the efficacy of their counsel on direct appeal' exists '[w]here the record is sufficient to allow determination of ineffective assistance of counsel.'" (quoting *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991))); *United States v. Wynn*, 663 F.3d 847 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1949, 182 L. Ed. 2d 803 (2012) ("'[O]rdinarily we will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review of such a claim.' An exception exists, however, when 'the record is adequately developed to allow the court to properly assess the merits of the issue.'" (citations omitted)); *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007) ("Ineffective assistance of counsel can render a plea agreement involuntary, and is therefore a valid basis for withdrawing a guilty plea." (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985), and *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002)); *United States v. Cruz*, 643 F.3d 639, 642 (8th Cir. 2011) (applying *Strickland* analysis); and *United States v. Hamilton*, 510 F.3d 1209, 1213 (10th Cir. 2007) (applying rule similar to *Villegas–Rodriguez*, *Jones*, and *Wynn*, *supra*).

advised of the certain deportation consequences of her plea prior to her plea hearing.[27]

In this case Urias presented testimony in a handwritten statement subject to perjury and at the hearing on her motion to withdraw her plea that she was never informed by counsel prior to entering her guilty plea that she would certainly be deported. Specifically, she claimed that her original attorney, Fivecoat, did not advise her that she was subject to mandatory deportation as a result of the plea. She claimed that Fivecoat knew that she was a non-citizen and told her only that her bond would be denied because of her resident status. She also claimed she had not talked to Carpenter until the day she entered her guilty plea, and Carpenter did not advise her that she would definitely be deported as a consequence of pleading guilty.

Urias testified that she did not become concerned about her immigration status until after entering her guilty plea, when she spoke to "one of the girls I have in the tank," who asked her whether her charge was a deportable offense. She claimed that she told her mother, but when her mother asked Carpenter about the immigration effects, Carpenter did not know because she was not an immigration lawyer. Finally, Urias asserted in her handwritten statement: "If I had known for sure at the time I [pled] guilty that I would get deported after I [serve] my sentence, I would not [have] said guilty."

Thus, the district court had before it facts which, if true, would entitle Urias to relief under *Padilla*. The district court concluded, however, that the duty established in *Padilla* to specifically warn of immigration consequences certain to occur applied only to habeas claims for ineffective assistance of

---

[27] 559 U.S. at 369.

No. 13-50085

counsel under 28 U.S.C. § 2255, and not in the context of the withdrawal of a guilty plea. Thus, the court reasoned, the distinction between *possible* and *certain* immigration consequences *only* matters in claims for ineffective assistance of counsel in a collateral attack, as in *Padilla*. The district court found it sufficient, absent the Sixth Amendment considerations required by *Padilla*, that Urias was made aware of the *possible* immigration consequences of her plea, as evidenced by her colloquy with the magistrate judge during the plea hearing, and therefore she had knowingly and voluntarily entered her guilty plea.

We find that the district court erred in concluding that it could not, under Fifth Circuit law, address Urias's *Padilla* claim. Urias presented her *Padilla* claim as clearly as possible to the district court as well as facts which, if true, would support her claim. The district court, having already been in charge of the case and familiar with Urias, the lawyers, and any other relevant actors, was in the best position to evaluate Urias's credibility compared to a later court in a habeas proceeding, and it would have added little or no burden to the district court's docket. Indeed, the district court received Urias's sworn statement and heard her testimony at the motion to withdraw her plea. The court made no findings on these facts with respect to the *Padilla* claim only because it erroneously declined to address that claim.

*Padilla*, which announced a new, clearly defined, and relatively limited duty for criminal defense attorneys, concerns a narrow factual inquiry compared to most *Strickland* claims: whether the defendant was informed *by defendant's counsel* of *certain* immigration consequences, and whether prejudice resulted therefrom. It is counsel's duty, not the court's, to warn of certain immigration consequences, and counsel's failure cannot be saved by a

11

plea colloquy.[28]    Thus, it is irrelevant that the magistrate judge asked Urias whether she understood that there *might* be immigration consequences and that she and her attorney had discussed the *possible* adverse immigration consequences of pleading guilty.

We hold that when a *Padilla* claim is sufficiently presented during a motion to withdraw a plea, both legally and factually, a district court errs in failing to address the claim.    Moreover, if the court finds that a *Padilla* violation occurred, that finding compels the court to permit the defendant to withdraw the guilty plea.

Here, we note that the court indicated at the hearing on the motion to withdraw that it found at least some of Urias's explanations incredible with respect to her other Rule 11 claims.    Because the district court did not make factual findings on the *Padilla* claim specifically, however, we vacate and remand for the district court to address the merits of that claim.    On remand, the district court has discretion to hold an additional evidentiary hearing but is not required to do so.    The district court's findings of fact are entitled to great deference, and we neither upset any of the district court's prior findings of fact nor mandate a particular result on remand.    We remand only for the district court to consider additional evidence if needed and, for the first time, address Urias's squarely presented *Padilla* claim.

---

[28] *See Marroquin v. United States*, 480 F. App'x 294, 299 (5th Cir. 2012) (Dennis, J., concurring) ("[T]he judicial plea colloquy is no remedy for counsel's deficient performance in fulfilling these obligations.").

No. 13-50085

## VI.

Accordingly, we vacate and remand for further proceedings consistent with this opinion.

No. 13-50085

EMILIO M. GARZA, Circuit Judge, specially concurring:

The majority holds that a district court must consider a *Padilla* claim that is sufficiently presented, both legally and factually, as part of a Rule 11 motion to withdraw a plea. In other words, *Padilla* is not relegated to collateral proceedings. *Ante* at 12. I join this holding in full. However, I read the majority only to hold that Urias's claim—that her attorney did not advise her of the certainty of deportation—must be reviewed under Rule 11, not that *Padilla* requires counsel to advise that deportation is a *certain* consequence of a guilty plea.

The scope of the duty established in *Padilla v. Kentucky*, 559 U.S. 356 (2010), is unclear. The Court initially states, "we agree . . . that constitutionally competent counsel would have advised [Padilla] that his conviction for drug distribution made him subject to automatic deportation." *Id.* at 360. This seems to suggest that "certainty" would be the requisite advice. However, the most definite statement of the Court's holding is this: "We now hold that counsel must inform her client whether his plea carries a risk of deportation." *Id.* at 374. This, on the other hand, suggests that advice about "risk" is sufficient to discharge counsel's duty.

Our circuit has subsequently described the *Padilla* holding thusly: "[T]he Supreme Court held . . . that the Sixth Amendment imposes on attorneys representing noncitizen criminal defendants a constitutional duty to advise the defendants about the potential *removal consequences* arising from a guilty plea." *United States v. Amer*, 681 F.3d 211, 212 (5th Cir. 2012) (emphasis added). And, in the most recent pronouncement from the Supreme Court, the *Padilla* holding was restated as follows: "We held that criminal defense attorneys must inform non-citizen clients of the *risks* of deportation rising from

14

guilty pleas." *Chaidez v. United States*, 133 S. Ct. 1103, 1106 (2013) (emphasis added).    Neither *Chaidez* nor *Amer* indicates that counsel is obligated under the Sixth Amendment to explain that deportation is "certain" to result from a guilty plea.[1]

The scope of the *Padilla* duty is an open question, which need not be resolved in this appeal.    The sole question before us is whether the district court erred in determining that *Padilla* was inapplicable in the Rule 11 context.    This can be answered without determining that *Padilla* required Urias's counsel to warn that deportation was "certain."    Because we vacate and remand for further proceedings, namely consideration of *Padilla* in a new Rule 11 decision, I would leave the interpretation and application of *Padilla* to the district court in the first instance.

---

[1] In *United States v. Bonilla*, the Ninth Circuit determined that a "criminal defendant who faces almost certain deportation is entitled to know more than that it is possible that a guilty plea could lead to removal; he is entitled to know that it is a virtual certainty."    637 F.3d 980, 984 (9th Cir. 2011).    However, *Bonilla* does not contemplate, much less resolve, the internal tension in *Padilla*, discussed above.    Accordingly, the case is not a particularly persuasive precedent.