# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2015

Lyle W. Cayce
Clerk

No. 14-50179
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURO GALAVIZ-MARIN, also known as Mauro Marin, also known as Mauro Galaviz, also known as Nana,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2611-3

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mauro Galaviz-Marin (Galaviz) pleaded guilty pursuant to a plea agreement to one count of conspiracy and making false statements during the purchase of a firearm and one count of conspiracy to transfer a firearm for use in a crime of violence or drug trafficking offense. After he pleaded guilty, Galaviz moved to withdraw his guilty plea, contending that he misunderstood

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the offenses of conviction.  The district court denied his request.  Galaviz now appeals his conviction.  He raises two arguments.  First, he asserts that the district court erred in accepting his guilty plea by failing to engage in a more "meaningful" plea colloquy.  Second, he contends that the district court abused its discretion in denying his motion to withdraw his guilty plea.

Galaviz's argument that the district court erred in accepting his guilty plea is unavailing.  He concedes that the district court complied with the strictures of Rule 11 of the Federal Rules of Criminal Procedure.  However, he asserts that the district court should have engaged in a more "meaningful discussion" during the plea colloquy.  Contrary to Galaviz's assertions that the district court failed to engage in a meaningful discussion, the record shows that the district court engaged in a thorough plea colloquy and allowed Galaviz to confer with counsel after Galaviz appeared to have misunderstood the district court's questions.  Accordingly, the record establishes that Galaviz knowingly and voluntarily pleaded guilty, *see United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002), and that the district court engaged in a "colloquy with [Galaviz] that would lead a reasonable person to believe that [he] understood the nature of the charge." *See id*. at 559.  His representations in the plea agreement and his statements at rearraignment show that he entered an informed plea with an awareness of its consequences and that his decision to plead guilty was volitional and made with an understanding of the implications of pleading guilty pursuant to a plea agreement.  His statements are entitled to a strong presumption of verity.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1997)(addressing a collateral attack on judgment based upon a guilty plea); *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (holding on direct appeal that vague assertions of innocence do not rebut the strong presumption of verity attaching to "solemn declarations" at rearraignment)(internal

citations and quotation marks omitted); *see also United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (direct appeal noting that signed, unambiguous plea agreements are afforded great evidentiary weight).

As to Galaviz's second claim of error, this court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted). The *Carr* test sets forth seven factors to consider when evaluating the denial of a motion to withdraw a guilty plea, considering whether or not (1) the defendant has asserted his innocence; (2) the Government would suffer prejudice if the motion were granted; (3) the defendant has delayed in filing his motion; (4) the withdrawal would substantially inconvenience the court; (5) the defendant received the close assistance of counsel; (6) the original plea was knowing and voluntary; and (7) the withdrawal would waste judicial resources. *Id.* (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)). If applicable, the court also considers "the reasons why a defendant delayed in making his withdrawal motion." *Carr*, 740 F.2d at 344. "[W]e ultimately examine the totality of the circumstances." *Urias-Marrufo*, 744 F.3d at 364.

After considering the record, we conclude that the district court's denial of Galaviz's motion to withdraw his plea was not an abuse of discretion. Although the district court did not make particularized findings as to the *Carr* factors, a district court is not required to make specific findings as to each of the *Carr* factors every time a defendant requests to withdraw a guilty plea. *United States v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007). Read as a whole, the record indicates that the district court applied the correct legal

standard in denying the motion. Thus, based on the totality of the *Carr* factors, the majority of which weigh against Galaviz, the district court's denial of Galaviz's motion to withdraw his guilty plea was not an abuse of discretion.

AFFIRMED.