# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40814
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-161

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruben Martinez appeals his guilty-plea conviction for conspiracy to possess with intent to manufacture and distribute methamphetamine, for which the district court sentenced him to 150 months of imprisonment. According to Martinez, the district court erred in denying his motion to withdraw his guilty plea based on its reliance on the factors outlined in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), to analyze his motion. We,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40814

however, have recently reiterated the court's responsibility to consider the *Carr* factors, *see United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015), and his argument on that point is therefore unavailing.  Martinez does not otherwise identify error in the district court's analysis of the *Carr* factors, and thus has waived such a challenge.  *See United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003).  He fails to show that the district court abused its discretion in denying his motion to withdraw.  *See United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014).

Martinez likewise fails to provide legal or factual analysis of his claim that his trial counsel rendered ineffective assistance by failing to inform him that the district court lacked venue, by failing to inform him that he would receive the same sentence if he pleaded guilty on the day of trial as if he went to trial, and by "spoon [feeding]" him the answers to the district court's questions at rearraignment.  Therefore, he has waived his ineffective assistance claim as well.  *See Torres-Aguilar*, 352 F.3d at 936 n.2.

The judgment of the district court is AFFIRMED.