**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

11/18/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTELLO

ACCEPTED
13-15-00136-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/18/2015 2:06:15 PM
Dorian E. Ramirez
CLERK

No. 13-15-00136-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI-EDINBURG, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/18/2015 2:06:15 PM
DORIAN E. RAMIREZ
Clerk

## EX PARTE ROSA MARIA CRUCES

ON APPEAL FROM THE 197TH DISTRICT COURT OF
CAMERON COUNTY, TEXAS.
CAUSE NO 13-15-00236-CR

~~CERTIFICATION OF RIGHT OF APPEAL~~
## Appellant's 3rd Amended Brief

Honorable Luis Saenz
Assistant District Attorney
964 East Harrison Street

Brownsville, Texas 78520
(956) 544 0849

Attorney for Appellee and Appellant

Mr. Enrique C. Juarez
Law Office of Enrique C. Juarez
Texas State Bar No. 11040500
213 North Arroyo, Suite A
Los Fresnos, TX 78566
(956) 233-5533

Law Office of Pablo Rocha P.C.
Pablo Rocha, Esq.
Texas Bar No.24028780
1413 East Fillmore Avenue
Harlingen, Texas, 78553
(956) 365-4077

Rosa Maria Cruces
119 Avenue B
Brownsville, TX 78520
(956) 312-1384

# IDENTITY OF COUNSEL

## Appellant's Trial and Appellate Counsel

Mr. Enrique C. Juarez
Law Office of Enrique C. Juarez
Texas State Bar No 11040500
213 North Arroyo, Suite A
Los Fresnos, Texas 78566
(956) 233-5533

Pablo Rocha, Esq.
Law Office of Pablo Rocha, P.C.
Texas Bar No. 24028780
1413 East Fillmore Avenue
Harlingen, Texas, 78553
(956) 365-4077

# TABLE OF CONTENTS

|  | Page |
|---|---|
| INDEX OF AUTHORITIES | ii |
| STATEMENT OF THE CASE | 1 |
| REQUEST FOR ORAL ARGUMENT | 2 |

ISSUE:    Ms. Cruz plea of guilty was induced by counsel's ineffective advice regarding immigration consequences.

| STATEMENT OF THE FACTS | 2 |
|---|---|
| SUMMARY OF THE ARGUMENT | 3 |
| ARGUMENT | 3 |
| PRAYER | 10 |
| CERTIFICATE OF SERVICE | 11 |
| CERTIFICATE OF COMPLIANCE | 12 |

# INDEX OF AUTHORITIES

Page No.

**Decisions of Texas Court of Appeals**

*Brown v. State,* 943 S.W. 2d 35 (Tx. Crim. App. 1967)               8

*Harrison v. State,* 688 S.W. 497 (Tx. Crim. App. 1985)             8-9

*Kniatt v. State,* 206 S.W. 3d 657 (Tx. Crim. App. 2006)            3

*Lyles v. State,* 850 S.W. 2d 497, (Tx. Crim. App. 1993)            4

*Montgomery v. State,* 810 S.W. 2d. 372 (Tx. Crim. App. 1990)       4

*Texas v. Golding,* No. 01-685 CR (2011)                            4-5

**Decisions of Federal Courts**

*Padilla v. Kentucky,* 130 S. Ct. 1473 (2010)                       4,8,10

*Henderson v. Morgan,* 426 U.S. 637 (1976)                          5

*INS v. St. Cyr,* 533 US 289, (2001)                                1

*Strickland v. Washington,* 466 U.S. 668 (1984)                     3,5,6

*U.S. v. Batamula,* 788 F. 3d 166 (5th Cir. 2015)                 6

*U.S. v. Rivas Lopez,* 678 F.3d 353 (5th Cir. 2012)               7

*U.S. v. Urias Marrfu,* 744 F.3d 361 (5th Cir. 2014)              6

**Texas Criminal Statute**

Texas Penal Code Section 30.02                                      1,8.

**Texas Code of Criminal Procedure**

Texas Code of Criminal Procedure Article 26.10      5

**Federal Statutes**

8 USC section 1101(a)(43)(G)      1

8 USC section 1182(a)(2)      1

8 USC section 1227(a)(2)      1

18 USC section 1342      5

**United States Constitution**

Amendment V      8

Amendment VI      8

## STATEMENT OF THE CASE

Rosa Maria Cruces is a fifty eight year old Mexican citizen who obtained status as a Lawful Permanent Resident of the United States on August 13, 1965. She was residing in Brownsville, Texas, September 7, 2010, when she was arrested for Burglary, in violation of Texas Penal Code Section 30.02.

Any non-United States citizen who is the defendant in a criminal proceeding is in jeopardy of being deported upon conviction. *See* 8 USC Section 1182(a)(2) and 8 USC Section 1227(a)(2). *See INS v. St. Cyr*, 533 US 289, (2001). The United States Department of Homeland Security initiates administrative proceedings against non-citizens, and persons with criminal history are the highest priority. *See* Karl R. Thomson, Esq., *DHS's Authority to Prioritize Removal of Certain Aliens Unlawfully Present,* November 19, 2014. Persons who are Lawful Permanent Residents, (LPR), are occasionally eligible to request a discretionary deportation waiver and maintain lawful status notwithstanding a conviction.  Some types of offenses are beyond the scope of a discretionary waiver. Simply put, a conviction for an aggravated felony, defined at 8 USC Section 1101(a)(43)(G), *et seq.* removes from the discretion of the Immigration Judge the alternative of cancelling removal and allowing the LPR to preserve his or her lawful status.

Attorney Enrique Juarez was appointed to represent Ms. Cruces. On February 28, 2011, Ms. Cruces entered a plea of guilty in 10CR 2257-C. She was sentenced to two years confinement in the Texas Department of Criminal Justice, which term was suspended in lieu of placement on community supervision for five years.

## REQUEST FOR ORAL ARGUMENT

Ms. Cruces respectfully requests Oral Argument, as this appeal requests this Court to adduce the implications of decisions of the Fifth Court on guilty pleas by immigrants in Texas Courts. The Court may benefit from considering the oral arguments of the parties.

**ISSUE:** **Counsel's ineffective assistance resulted in an involuntary guilty plea by Ms. Cruces.**

## STATEMENT OF FACTS

Ms. Cruces has lived and resided lawfully in the United States for fifty years. She was charged with burglary and counsel advised her that her guilty plea in exchange for a one year sentence of imprisonment would not encumber her lawful status. An Immigration Judge is statutorily prohibited from permitting her to remain in the United States after a one year sentence has been imposed due to a conviction for burglary. As a result of counsel's misadvice, Ms. Cruces is subject to automatic deportation.

2

On October 8, 2014, Ms. Cruces filed her Application for Writ of Habeas Corpus in the Trial Court. *See* Tab A. Ms. Cruces submitted her affidavit as well as the affidavit in support of her Petition. Ms. Cruces' affidavit explains she only met Mr. Juarez on the date she pleaded guilty. She stated he told her if she pleaded guilty she would get probation and if she did not plead guilty she would be in jail for a long time. Her affidavit also states Mr. Juarez told Mr. Cruces she would not lose her LPR status.

## SUMMARY OF ARGUMENT

A claim of ineffectiveness will be found when defense counsel's conduct so undermined the adversarial process that the proceeding cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 US 668, 686 (1984). A conviction should be reversed when the defendant can demonstrate counsel's representation was deficient, and he was prejudiced as a result. Ms. Cruces' affidavit and testimony demonstrate she pleaded guilty in reliance on the assurances of former counsel that her legal status would not be compromised.

## ARGUMENT

The applicant for a writ of habeas corpus based on an involuntary guilty plea has the burden of proving his allegations by a preponderance of the evidence. *Kniatt*

3

*v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The Texas Court of Criminal Appeals will uphold the decision of the Trial Court absent an abuse of discretion. The Trial Court abuses its discretion when the court acts without reference to any guiding rules or principles, or arbitrarily or unreasonably, or when its' decision lies outside of the zone of reasonable disagreement. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993), *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

In *The State of Texas v. Terry Golding* No. 01-10-685-CR (2011), the Court of Appeals of the First District of Texas specifically held that automatic deportation is a direct, not a collateral consequence, the habeas petition of a party who diligently sought *Padilla* based relief is not barred by laches, and *Padilla* applies retroactively where ineffective assistance is shown. *See Padilla v. Kentucky,* 130 S. Ct. 1473 (2010). In that case, the Court of Appeals also found the trial court had jurisdiction to consider Golding's habeas petition although fifteen years had passed since his entry. Even where the state argued the petition was barred by the doctrine of laches, the Court of Appeals noted that the State of Texas was not prejudiced by the passage of time, as they still had a meaningful opportunity to challenge the claims presented therein. Even more, the Court noted that Golding applied for relief as soon as the Supreme Court announced its' decision in *Padilla, supra.* Finally, the First District

4

Court of Appeals cited post-*Padilla* decisions of the Fifth Circuit to Golding's petition, and held that *Padilla* applied retroactively.

Just prior to the conclusion of its' opinion in *Golding,* the First District Court of Appeals summarized the imperative of the availability of habeas relief in cases such as this:

> Recent changes in substantive immigration law, which have had an enormous impact on the fate of non-citizens faced with criminal charges, also support the conclusion that *Padilla* applies retroactively. Evaluation of whether counsel's performance was constitutionally deficient "is necessarily linked to the practice and reasonable expectations of the legal community…under prevailing professional norms. *Strickland* 466 U.S. at 688, citing *Padilla* 130 S.Ct at 1482.

*Golding* at 20.

Prior to waiving constitutional rights, a voluntary guilty plea requires the defendant have real notice of the true nature of the charge, and where "the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan,* 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108 (1976) (citations omitted). Here, despite this Court's inquiry during the plea colloquy with respect to advisals about immigration consequences, (*See* Texas Code of Criminal Procedure, Art 26.10,) and

even though Ms. Cruces signed the admonishments as part of her plea agreement, her guilty plea was not knowing, intelligent and voluntary.

A recent decision of the Fifth Circuit concerning a conviction of a Tanzanian defendant in United States District Court for violation of 18 USC section 1342 (false statement on a passport application), holds that the admonition by the trial concerning the implications of a guilty plea on the immigration status of a non-citizen are insufficient, in and of themselves, to relieve from counsel his or her obligation to provide competent and zealous representation throughout the plea process. *United States v. Batamula*, 788 F.3d 166, 169, (5th Cir. 2015). There, the petitioner's challenge to the validity of his guilty plea was supported by a statement from counsel verifying that the petitioner was not advised that his guilty plea would give rising to a finding of removability, but the District Court dismissed his section 2255 petition. A panel of the Fifth Circuit referred to a previous decision, *United States v. Urias Marrfu*, 744 F. 3d 361, (5th Cir. 2014).

> warnings from a judge during a plea colloquy are not a substitute for effective assistance of counsel…[A] judicial admonishment is one of many factors and circumstances that a court may consider in the fact-based, totality of the circumstances prejudice analysis, but did not determine whether such an admonishment, alone, can remedy or prevent prejudice cause by counsel's failure to provide effective advice about the immigration consequences of the guilty plea.

6

788 F.3d 166, 171, *citing Strickland*, 466 US 749.

Just prior to concluding the Fifth Circuit panel held, in *U.S. v. Batamula*, "a judge's statement at the guilty plea proceeding that deportation is "likely" is not dispositive of whether a petitioner whose counsel failed to advise him regarding his immigration consequences of his plea can demonstrate prejudice as a result therefrom." 788 F. 3d 166, 178.

As a direct result of counsel's misinformation, Ms. Cruces faces loss of her permanent resident status and a lifetime bar from the United States. For all of those reasons, she has adequately demonstrated severe prejudice due to counsel's ineffective assistance. Moreover, the Court of Appeals for the First District in *Golding* provides this Court has jurisdiction to consider the arguments herein. The decisions of the Supreme Court in *Strickland v. Washington, supra,* and *Padilla, supra,* compel this Court to find the Trial Court abused discretion, and grant the requested habeas relief.

In *United States v. Rivas Lopez*, 678 F.3d 353 (5th Cir. 2012), the District Court dismissed the Defendant's challenge to the constitutionality of his sentence, wherein he alleged that defense counsel failed to accurately communicate the terms of a plea agreement and the potential length of his sentence. 678 F.3d 353, 355.

7

The defendant appealed and the Fifth Circuit remanded to the District Court for a hearing. "When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." *Id* at 358.

Here, Ms. Cruces' guilty plea was induced by counsel's misinformation. *See* Record (RR at 6-7). Had she not been affirmatively mislead, she would not have waived her right to a trial. Avoiding deportation was a crucial goal for Mr. Cruces in resolving the charge against her, but Ms. Cruces' counsel did not provide accurate advice about the immigration consequences of her plea. The defendant's reliance on such an assurance may deprive a guilty plea of its free and voluntary character. Simply put, Ms. Cruces was prevented from rationally weighing the advantages of going to trial against pleading guilty. Thus, her plea was not knowing, voluntary, and intelligent, and was entered in violation of the Fifth Amendment right to due process and Sixth Amendment right to effective assistance of counsel.

As a result of counsel's deficient performance, Ms. Cruces' judicial admission caused the loss of her LPR status with no recourse. According to analysis upon which *Padilla* is based, a defendant must establish that counsel's deficient performance led to a guilty plea, to such an extent that the ultimate result was fundamentally unfair Counsel's erroneous advice was deleterious to such an extent that the ultimate result

8

was fundamentally unfair. Such a defendant satisfies the *Strickland* ineffectiveness and prejudice prongs.

Ms. Cruces respectfully urges the Court of Appeals that she has shown counsel's error affected her substantial rights, such that it is fundamentally unfair to leave this finding of guilt undisturbed. As the Texas Court of Appeals cautioned in *Brown v. State*, 943 S.W.2d 35, 42 (Tx. Crim. App. 1997):

> We have held that misinformation concerning a matter, such as probation, about which a defendant is not constitutionally or statutory entitled to be informed, may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation. *Harrison v. State*, 688 S.W.2d 497, 499-500 (Tex. Crim. App. 1985). Likewise, where the defendant complains about the trial court's failure to give certain information that is statutorily but not constitutionally required -- and is not specifically intended as a vehicle to ensure that constitutionally required warnings are given -- similar considerations should apply: a defendant should be required to show that he would not have entered her plea had he been given the required information. n8  n8 This conclusion applies equally to the current version of the statute: a defendant who bargains for deferred adjudication under the current scheme may advance a claim that the failure to give the Section 5 information renders his guilty plea involuntary if she shows that she would not have entered the plea had she been given the information beforehand.

Ms. Cruces would have either attempted to negotiate pre-trial diversion, or demanded a jury trial, if she had been correctly advised that her plea of guilty is a conviction for an aggravated felony which subjected her to mandatory deportation. Moreover, had Mr. Cruces gone to trial and been convicted, the consequences would

9

not have been more severe than what she currently faces: mandatory deportation, and permanent separation from her family.

Here, minimal inquiry and investigation by trial counsel, such as contacting a member of the Texas State Bar Immigration Section and consulting as to the effect of a plea of guilty and sentence to violation of Section 30.02 of the Texas Penal Code, Burglary of a Habitation, would have prevented this misbegotten conviction. Counsel's failure to seek any guidance as to the relevant provisions of the Immigration and Nationality Act demonstrate his deficient performance. Ms. Cruces subsequently obtained the services of an attorney familiar with the nuances of immigration law, and expeditiously filed the instant petition. For that reason, delay is not unreasonable, the State of Texas was heard in opposition, and the tenets of *Padilla v. Kentucky, supra,* remain applicable to the legal arguments presented in this petition.

## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Appellant Rosa Maria Cruces prays this Court reverse the district court's final order and remand this case for further proceedings.

Respectfully submitted,

Pablo Rocha, Esq.

Texas Bar No.24028780
Email procha@pablorochalaw.com
(956) 365-4077 (tel)
Law Office of Pablo Rocha P.C.
1413 E Filmore Avenue
Harlingen, TX 78553
Attorney for Appellant

11

## Certificate of Service

I certify that I have served a true and correct copy of the above and foregoing document on the following person:

Honorable Luis Saenz
Assistant District Attorney
964 East Harrison Street
Brownsville, Texas 78520

Pablo Rocha, Esq.

by mail and electronic service.

12

# CERTIFICATE OF COMPLIANCE

I, Pablo Rocha, hereby certify that, pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), this Brief consists of 2,252 words, excluding tables and cover page, and was prepared using WordPerfect.

_____
Pablo Rocha, Esq.

_11/17/15_____
Date