# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUNIOR RAFAEL VARGAS-GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1166-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Junior Rafael Vargas-Guzman pleaded guilty to illegal reentry of the United States by a deported alien. On appeal, he challenges the district court's denial of his motion to withdraw his guilty plea.

Once the district court accepts a defendant's guilty plea, the defendant has no absolute right to withdraw his plea. FED. R. CRIM. P. 11(d); *United States v. Conroy*, 567 F.3d 174, 177 (5th Cir. 2009). A district court may grant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a motion to withdraw a guilty plea upon a showing of "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B).  In assessing whether there is a fair and just reason for withdrawal of the guilty plea, the district court should consider the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

"[T]he burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant." *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998).  The district court should base its decision on the totality of the circumstances.  *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).  We review a district court's order denying a defendant's motion to withdraw his guilty plea for an abuse of discretion.  *Id.* at 645.

Vargas-Guzman made no showing in the district court, and likewise does not show on appeal, that he likely could have mounted a successful collateral attack on his deportation proceeding pursuant to 8 U.S.C. § 1326(d), and therefore his contention that he adequately asserted his innocence based on the availability of a collateral attack lacks merit.  *See United States v. Mendoza-Mata*, 322 F.3d 829, 834 (5th Cir. 2003).  Our review of the guilty plea proceeding establishes that Vargas-Guzman had the close assistance of counsel and that his guilty plea was knowing and voluntary; therefore, these factors weigh against him.  *See Carr*, 740 F.2d at 345.  Further, the factors listed in *Carr* "are non-exclusive," *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014), and the district court did not err in considering Vargas-Guzman's failure to demonstrate more than a speculative possibility of obtaining relief from his deportation order.  *See Mendoza-Mata*, 322 F.3d at 834.  The delay of approximately 33 days in filing his pro se motion to withdraw his plea also weighs against Vargas-Guzman.  *See Carr*, 740 F.2d at 345.

No. 16-40247

The district court explicitly determined that conducting a jury trial of Vargas-Guzman would be a waste of judicial resources. The district court is in the best position to know the effect that withdrawal of the guilty plea would have on its resources, and therefore its determination on this factor "is entitled to substantial deference." *Carr*, 740 F.2d at 345. Even if Vargas-Guzman is correct that his trial would have been a simple matter, the fact that a short time would be needed for trial "does not necessitate a finding that there is no inconvenience to the district court." *McKnight*, 570 F.3d at 650. Finally, although the Government does not identify any specific prejudice that it would have suffered from withdrawal of the plea, "the absence of prejudice to the Government does not necessarily justify reversing the district court's decision to deny a motion to withdraw a guilty plea." *Id.* at 649.

In view of the foregoing, considering the totality of the circumstances, the denial of Vargas-Guzman's motion to withdraw his guilty plea was not an abuse of the district court's discretion. *See id.* at 650. Accordingly, the judgment of the district court is AFFIRMED.