# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

DUSTY WAYNE HAYNES,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-180-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges

PER CURIAM:[*]

Dusty Wayne Haynes pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of actual methamphetamine, and he received the statutory minimum sentence of 120 months in prison. On appeal, Haynes argues that his guilty plea was not knowing and voluntary because he denied engaging in a conspiracy with his named coconspirator, who had provided the only information relied upon by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50071

the Government to obtain a drug quantity exceeding 50 grams of actual methamphetamine. He maintains that had he realized this fact, he would have insisted on going to trial or would have negotiated a better plea deal within a lower statutory sentencing range.

As the Government notes, Haynes did not object to the voluntariness of his plea in the district court. Additionally, his statements made in the district court and at his sentencing proceedings were not sufficient to put the court on notice that he was disputing the voluntariness of his plea to a conspiracy involving 50 grams of actual methamphetamine. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). Accordingly, we review his contentions for plain error. *See Puckett v. United States*, 556 U.S. 129, 131-43 (2009); *United States v. Vonn*, 535 U.S. 55, 62-74 (2002). To establish plain error, Haynes must show a forfeited error that is clear or obvious, meaning not subject to reasonable dispute, and that affects his substantial rights. *See Puckett*, 556 U.S. at 135. If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

In order for a plea to be knowing and voluntary, a defendant must have notice of the nature of the charges, he must understand the consequences of the plea, and he must understand the nature of the constitutional rights he is waiving by pleading guilty. *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014). Haynes's challenge is to his understanding of the nature of the charge against him. At rearraignment, when defense counsel indicated that Haynes did not believe he had conspired with his named codefendant, the magistrate judge explained a conspiracy in more detail and advised him that he was not guilty if he had not participated in a conspiracy. Haynes indicated

No. 18-50071

that he understood and entered his plea, with no further equivocation on his understanding; his solemn declarations are entitled to presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In addition, although defense counsel disputed the recitation in the factual basis of a drug quantity reported by the codefendant to law enforcement, the record makes clear that the objection was made in order to preserve a challenge for sentencing purposes.  Also, although Haynes expressed some confusion at sentencing about the relevant drug quantity, the record reflects that the confusion arose over the relevant quantity of actual methamphetamine, which was the basis for a defense objection to the guidelines calculations, and the quantity of a mixture or substance containing methamphetamine, which was used by the probation officer in calculating the base offense level.  Contrary to Haynes's assertion, the transcript does not reflect that he believed that he had pleaded guilty to an offense involving a mixture or substance containing methamphetamine, which would have resulted in a lower statutory sentencing range.

Haynes has not established an error, much less a clear or obvious error, relating to the voluntariness of his plea.  *See Puckett*, 556 U.S. at 135; *Urias-Marrufo*, 744 F.3d at 366.  Accordingly, the judgment of the district court is AFFIRMED.