# United States Court of Appeals for the Fifth Circuit

———————

No. 22-10336
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Clinton Battle,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-157-1

———————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

A jury convicted physician Clinton Battle of one count of conspiracy to distribute a controlled substance and one count of distribution of a controlled substance. He subsequently pleaded guilty to conspiracy to commit mail fraud. The charges stemmed from an alleged scheme in which Battle, and his employees using his credentials, issued prescriptions for

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10336

controlled substances after Battle performed minimal or no medical examination.  Battle charged patients for office visits and, at times, received illicit drugs from another co-conspirator in exchange for writing prescriptions.  He now appeals, arguing that: (1) the district court erred in admitting a statement made by a co-conspirator in furtherance of the controlled substance conspiracy; (2) there was a material variance between the superseding indictment, which alleged a single controlled substance conspiracy, and the evidence presented at trial, which revealed that there were multiple conspiracies; and (3) the district court violated his due process and equal protection rights by imposing time limits for his trial.

As for the first claim, Battle challenges the admission of an out-of-court statement made by his office manager's husband, Michael Blanchard (Michael).  Battle argues that Michael was simply narrating past conduct when he told his wife, Kendrea Blanchard (Kendrea), that he had an agreement with Battle to exchange cocaine for prescriptions.  Thus, according to Battle, Kendrea should not have been permitted to testify about Michael's out-of-court statement.  We review the evidentiary rulings of the district court for an abuse of discretion.  *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011).  Under Federal Rule of Evidence 801(d)(2)(E), statements "made by the party's coconspirator during and in furtherance of the conspiracy" are not hearsay.  In order to introduce a statement under this exception, the Government must prove by a preponderance of the evidence that (1) the conspiracy exists, (2) the statement was made by a co-conspirator, (3) the statement was made within the course of the conspiracy, and (4) the statement was made in an effort to further the conspiracy.  *See United States v. Gurrola*, 898 F.3d 524, 535 (5th Cir. 2018).

The record supports that Michael's statement was intended to inform another co-conspirator, Kendrea, about the details of an ongoing scheme, likely in order to encourage her continued participation in the conspiracy.

2

Because the Government demonstrated by a preponderance of the evidence that the statement was made within the course and in furtherance of the conspiracy, the district court did not abuse its discretion in ruling that the statement was admissible under Rule 801(d)(2)(E). *See Gurrola*, 898 F.3d at 535-36.

In his material variance claim, Battle contends that the Government presented evidence of two separate conspiracies: a "street dealing" conspiracy and an "office visit" conspiracy. "The question whether the evidence establishes the existence of one conspiracy (as alleged in the indictment) or multiple conspiracies is a fact question within the jury's province." *United States v. Mitchell*, 484 F.3d 762, 769 (5th Cir. 2007). A jury's finding that there was a single conspiracy should be affirmed "unless the evidence and all reasonable inferences, examined in the light most favorable to the [G]overnment, would preclude reasonable jurors from finding a single conspiracy beyond a reasonable doubt." *Id.* (internal quotation marks and citations omitted). This court primarily considers three factors: "(1) the existence of a common goal; (2) the nature of the scheme; and (3) the overlapping of the participants in the various dealings." *United States v. Rojas*, 812 F.3d 382, 406 (5th Cir. 2016) (internal quotation marks and citation omitted).

Here, the allegedly distinct conspiracies shared a common goal: to profit from the illegal prescribing of controlled substances, using Battle's clinics and credentials, without a legitimate medical purpose. *See United States v. Morris*, 46 F.3d 410, 415 (5th Cir. 1995). Moreover, they relied on the same tactics and were run through Battle's clinics, where Battle operated as a "key man." *Id.* at 416-17. Although some participants in the conspiracy did not work together and were not involved in every deal, "there is no requirement that every member must participate in every transaction to find a single conspiracy." *Id.* at 416 (internal quotation marks, brackets, and

citation omitted). And "[t]he members of a conspiracy which functions through a division of labor need not have an awareness of the existence of the other members, or be privy to the details of each aspect of the conspiracy," *United States v. Richerson*, 833 F.2d 1147, 1154 (5th Cir. 1987). Accordingly, viewing the evidence and all reasonable inferences in favor of the Government, Battle's material variance claim fails. *See Rojas*, 812 F.3d at 406-07; *Morris*, 46 F.3d at 415-17.

Regarding Battle's challenge to the time limits, our review is for plain error as he did not object to the limits or request additional time in the district court. *See United States v. Gray*, 105 F.3d 956, 962 (5th Cir. 1997). To demonstrate plain error, Battle must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have discretion to remedy the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citations omitted). The district court "may impose reasonable time limits on the presentation of evidence and the examination of witnesses." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). Thus, we have allowed "limits that do not unreasonably curtail a defendant's right to examine [G]overnment witnesses and present an effective defense." *United States v. Morrison*, 833 F.3d 491, 505 (5th Cir. 2016).

Battle failed to make an offer of proof during trial, and on appeal, he does not point to any information he was prevented from presenting to the jury. *See Morrison*, 833 F.3d at 505-06; *Gray*, 105 F.3d at 965. His arguments that the time limits impaired his defense are conclusory, and his contention that the jury was confused because of the time limits is not supported by the record. Moreover, even if the district court improperly cited a district-wide civil rule as the source of its authority to impose time limits in this criminal case, any such error did not affect Battle's substantial rights. *See Puckett*, 556

No. 22-10336

U.S. at 135; *see also* FED. R. EVID. 611(a). Finally, Battle fails to demonstrate that the allegedly unfair time limits rendered his subsequent plea of guilty to conspiracy to commit mail fraud unknowing or involuntary. *See United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014).

AFFIRMED.