**UNITED STATES of America, Plaintiff–Appellee**

v.

**Johnny Arthur McDONALD, Defendant–Appellant.**

No. 10–40013.

United States Court of Appeals, Fifth Circuit.

March 4, 2011.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Derek Michael Harkrider, Edinburg, TX, for Defendant–Appellant.

Before KING, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Johnny Arthur McDonald appeals his guilty plea conviction for possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and specifically the district court's denial of his motion to withdraw his guilty plea. Because McDonald received ineffective assistance in conjunction with his guilty plea which affected the voluntariness of the plea, we conclude that the district court abused its discretion in denying his motion to withdraw the plea.

I.

McDonald was charged with possession with intent to distribute more than five kilograms of cocaine. He filed two motions to suppress the statements and physical evidence obtained during a traffic stop, automobile search, and interrogation. Fol-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lowing a lengthy suppression hearing, on April 15, 2008, the district court denied the motions to suppress in open court. On the same day, McDonald entered an unconditional guilty plea to the aforementioned charge pursuant to a written plea agreement.

On September 22, 2008, McDonald filed a motion to withdraw his guilty plea, asserting that his plea was not knowing and voluntary because he did not understand the consequences of his plea, he felt pressured to plead guilty, he pleaded guilty only to avoid a lengthy sentence if he was found guilty at trial, and he was actually innocent.

On January 21, 2009, McDonald filed a supplemental motion to withdraw his guilty plea, asserting for the first time that his plea was not knowing and voluntary because counsel erroneously informed him that he could appeal the denial of his motions to suppress even if he pleaded guilty.

Following an evidentiary hearing on the motion to withdraw, the district court denied the motion. The district court sentenced McDonald to 120 months of imprisonment and five years of supervised release. McDonald filed a timely notice of appeal.

## II.

McDonald's primary argument on appeal is that the district court erred by denying his motion to withdraw his guilty plea because he was provided ineffective assistance of counsel. McDonald was advised that, despite a guilty plea, he would be able to appeal the district court's rulings on his motions to suppress.

The district court may permit a defendant to withdraw his guilty plea after acceptance of the plea but before sentence is imposed if "the defendant can show a fair and just reason for requesting the with-drawal." Fed.R.Crim.P. 11(d)(2)(B). The denial of a motion to withdraw is reviewed for an abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). Courts have considered the following factors to determine whether, under the totality of the circumstances, the district court should have permitted the defendant to withdraw his plea:

(1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984) (internal citations omitted).

The district court denied McDonald's motion based on his conclusion that McDonald admitted his guilt on several occasions which contradicted his claim of actual innocence, received close assistance of counsel, and delayed in filing his withdrawal motion for several months after his plea. The court put no weight on the factors of prejudice to the government, inconvenience to the court or waste of judicial resources. The district court also found that McDonald's plea was knowing and voluntary. This last factor is the focus of this decision.

McDonald contends that his plea was not knowing and voluntary because he pleaded guilty under "extreme time pressure" and "act[ed] hastily and without fully appreciating the nature of his plea of guilty and the consequences." He also

argues that his plea was not knowing and voluntary because he pleaded guilty in reliance on counsel's erroneous advice that he could appeal the suppression rulings.

The time constraints McDonald faced when deciding whether to plead guilty were not so extreme as to render his plea unknowing and involuntary. The suppression motions were denied on April 15, 2008, the same day trial was scheduled to begin, and McDonald pleaded guilty approximately five minutes later. However, McDonald and counsel had sufficient time to decide whether to plead guilty if the district court denied the motion. At the April 4, 2008 pretrial conference, counsel was informed that the hearing on the suppression motion would be held shortly before trial was scheduled to begin. As of April 8, 2008, trial was scheduled to begin on April 14, 2008. On April 13, 2008, the trial date was reset for April 15, 2008. Further, counsel's request for a brief recess in between the suppression and rearraignment hearings indicates that he and McDonald had discussed and were prepared for this contingency: "May I have about five minutes? I think 'cause probably my client's going to probably change his plea at this time based on the Court's ruling."

McDonald also argues that his plea was involuntary based on counsel's erroneous advice that he would be able to appeal the suppression rulings even if he pleaded guilty. This court does not review claims of ineffective assistance of counsel on direct appeal unless the claim was addressed by the district court or the record is sufficiently developed to allow evaluation of the claim on its merits. *United States v. Villegas–Rodriguez,* 171 F.3d 224, 230 (5th Cir. 1999). The record in this case allows review of McDonald's claim in this direct appeal.

When examining the voluntariness of a plea, the reviewing court asks "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (internal quotation marks and citations omitted). The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Id.* at 58, 106 S.Ct. 366. "Where ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56, 106 S.Ct. 366. In addition, the defendant must show that counsel's ineffective· performance affected the outcome of the plea process. *Id.* at 59, 106 S.Ct. 366.

In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly. He must actually and substantially assist his client in deciding whether to plead guilty. It is his job to provide the accused an "understanding of the law in relation to the facts." The advice he gives need not be perfect, but it must be reasonably competent. His advice should permit the accused to make an informed and conscious choice. In other words, if the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice.

*Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir.1974)(internal citations omitted).

Counsel's erroneous advice in this case about McDonald's appeal rights constitutes deficient performance. A voluntary and unconditional guilty plea waives a defendant's right to challenge any nonjurisdictional defects arising prior to the plea, including the erroneous denial of a motion to suppress. *United States v. Wise*, 179 F.3d 184, 186 (5th Cir.1999). A defendant may plead guilty and reserve his right to challenge a pretrial ruling by entering a conditional plea with the Government's and district court's consent. FED.R.CRIM.P. 11(a)(2). Counsel's advice was thus erroneous because he advised McDonald that he could appeal the denial of his suppression motions without securing a conditional plea or arranging for and counseling McDonald to enter a conditional plea.

McDonald submitted a duly sworn affidavit in which he averred that he pleaded guilty based on counsel's advice that he would be able to appeal the suppression ruling even if he pleaded guilty and that he would not have pleaded guilty and would have insisted on going to trial had he been correctly informed. Counsel also submitted a duly sworn affidavit in which he averred that he advised McDonald he could appeal the suppression ruling even if he pleaded guilty. The district court accepted these affidavits as true. That finding should have ended the analysis because both prongs of the *Strickland* analysis were thus satisfied—erroneous advice and prejudice that affected the defendant's decision to plead guilty. Accordingly, McDonald's plea was not knowing and voluntary.

The district court analyzed the issue differently. It stated that the defendant's recourse for ineffective assistance was a petition for habeas relief. It also assumed that McDonald would only be prejudiced by counsel's erroneous advice on the appealability of the suppression issues if the district court's suppression ruling was incorrect. Evaluating his own ruling, the district court concluded that its decision on the suppression motions was correct. This was error.

> When the defendant waives his constitutional rights by pleading guilty, it is crucial that the waiver be knowing and voluntary. "Courts must always be diligent to ascertain whether a plea of guilty was understandingly made, and when it appears before sentencing that such a plea was entered by a defendant who ... acted as a result of mistake, it is an abuse of discretion not to permit the plea to be withdrawn."

*United States v. Pressley*, 602 F.2d 709, 710–711 (5th Cir.1979).

*Carr* recognized that in analyzing the factors to be considered in addressing a motion to withdraw a guilty plea, the court must consider the totality of the circumstances. *Carr*, 740 F.2d at 344. *Carr* also recognized that the various factors that may be considered are not equal in weight. *Id.* When, as in this case, the defendant delays in bringing his motion to withdraw, more substantial reasons must be proffered to support the motion. In this case, the fact that McDonald received ineffective assistance of counsel that affected his decision to plead guilty is such a reason. Although the district court was understandably skeptical regarding McDonald's claims of actual innocence and correctly counted the fact that McDonald delayed in bringing his motion to withdraw and had close assistance of counsel against him, our conclusion that McDonald's plea was not knowing and voluntary as a result of ineffective of assistance of counsel is sufficient to establish that the district court abused its discretion in denying McDonald's motion to withdraw the plea. We therefore

remand this case to the district court so that it can issue an order permitting McDonald to withdraw his guilty plea.

## III.

We decline McDonald's request to address the merits of the district court's rulings on his motions to suppress. The effect of our order is to place this case back in the posture it was in before the entry of the plea, allowing McDonald to face trial with his motions to suppress having been denied and preserving his right to appeal the rulings on those motions, following entry of final judgment in his case.

REVERSED and REMANDED.