# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2021

Lyle W. Cayce
Clerk

No. 20-50481

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO MAURICE GARDNER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-330-1

Before HIGGINBOTHAM, STEWART, and WILSON, *Circuit Judges.*
PATRICK E. HIGGINBOTHAM, *Circuit Judge*:

Antonio Maurice Gardner entered a plea of guilty without filing a motion to suppress the evidence against him. The district court, without an evidentiary hearing, denied his motion to withdraw his plea. We hold that Gardner alleged sufficient facts to require a hearing upon the motion to withdraw, and if granted, his motion to suppress. We vacate and remand.

No. 20-50481

**I**

In November 2018, Gardner was indicted on a single count of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine.[1] He retained counsel Jason Bailey and pleaded guilty before a magistrate judge on March 12, 2019, without a plea agreement.

Three months later, on June 12, 2019, the probation officer filed Gardner's initial presentence report (PSR), and the district court set sentencing for July 18, 2019. On the day of sentencing, Bailey orally moved for a continuance to file objections to the PSR, which the district court granted.

Less than a week later, Gardner, pro se, moved to appoint new counsel, saying that he felt misled by Bailey because Bailey previously told him that objections to the PSR had been filed. As will become plain, it is significant that Gardner then also asserted that Bailey gave him inconsistent information as to the availability of audio or video footage of the search that led to his arrest, leaving him unsure of "what to believe." About a week later, Bailey moved to withdraw, citing "[i]rreconcilable differences" between himself and Gardner. On August 6, 2019, the court granted Bailey's motion to withdraw and appointed new counsel, Christopher Bullajian, in his place.

With Gardner's sentencing set to occur just two days after his appointment, Bullajian moved for a continuance, which the district court granted, delaying sentencing until September 19, 2019. On September 9, 2019, Bullajian moved for a second continuance, explaining that two recent felony trials had prevented him from effectively consulting with Gardner.

---

[1] *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).

No. 20-50481

The district court granted the continuance and set sentencing for October 31, 2019. On October 25, 2019, Bullajian moved again for a continuance, seeking "additional time to review discovery to effectively represent [Gardner]." The district court granted the motion and set sentencing for December 5, 2019. On November 22, 2019, Bullajian moved for a fourth continuance, explaining that it had taken him "substantial" time to become familiar with the facts of the case and that he now understood that Gardner "wishe[d] to withdraw his guilty plea based o[n] his desire to file a motion to suppress that his former attorney did not file." Bullajian sought a continuance to explore these issues and evaluate Gardner's likelihood of success in pursuing a plea-withdrawal motion. The district court granted the motion and set sentencing for March 5, 2020.

On February 25, 2020, Gardner, through his new counsel Bullajian, moved to withdraw his guilty plea. He alleged that his plea was not voluntarily made due to the ineffectiveness of former counsel Bailey. In support of this allegation, Gardner claimed that the controlled substances seized from his house were the product of an improperly executed "knock and talk"; that he told Bailey he wanted to file a suppression motion because it would end the Government's case against him, but Bailey told him "that a motion to suppress would be filed after the entering of the plea." In short, that he wagered a plea of guilty "with the full understanding from his attorney that a motion to suppress would be forthcoming." Gardner explained that he continued to ask Bailey about filing a motion to suppress, but when Bailey finally told him that moving was no longer an option, he then moved to appoint new counsel. Given these circumstances, Gardner argued that he had demonstrated a "fair and just reason for withdrawing his plea."

A defendant entering an unconditional plea, as Gardner did, waives his rights to challenge his conviction, including any violations of the Fourth

Amendment.[2] However, the Federal Rules of Criminal Procedure provide that a defendant may, with the court and government's consent, instead enter a conditional plea which "reserve[s] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea."[3]

The district court denied the motion to withdraw the plea the next day, without a response from the Government and without an evidentiary hearing, eventually sentencing Gardner to 240 months' imprisonment and six years' supervised release. Gardner seeks remand to the district court for an evidentiary hearing, arguing that the district court abused its discretion by ruling on his motion to withdraw his plea without one, depriving him of the opportunity to pursue his suppression motion.[4]

## II

We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion.[5] A district court may abuse its discretion

---

[2] FED. R. CRIM. P. 11(b)(1)(N).

[3] FED. R. CRIM. P. 11(a)(2).

[4] Gardner alternatively asks us to conclude that his plea was rendered involuntary due to counsel's ineffective assistance and to reverse the district court's denial of his plea-withdrawal motion. But "[w]e do not review a claim of ineffective assistance of counsel on direct appeal unless the district court has first addressed it or unless the record is sufficiently developed to allow us to evaluate the claim on its merits." *United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999).

[5] *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

in declining to hold a hearing on a motion when a defendant "alleges sufficient facts which, if proven, would justify relief."[6]

A defendant may withdraw a guilty plea after the court accepts the plea, but before it imposes a sentence, if he "can show a fair and just reason for requesting the withdrawal."[7] In determining whether a defendant has shown a "fair and just" reason for withdrawal, the district court must examine the totality of the circumstances, informed by the factors set forth in *United States v. Carr*.[8] These include: (1) whether the defendant asserted actual innocence; (2) whether withdrawal of the plea would prejudice the government; (3) the extent of the defendant's delay, if any, in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant was benefitted by the close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) the extent to which withdrawal would waste judicial resources.[9] The district court can, but is not required to, make specific findings in denying a defendant's plea-withdrawal motion.[10]

Although the record before us is limited, it appears that some of these factors could be seen to weigh against Gardner. Yet the near eight-month delay between the appointment of Gardner's new counsel and his withdrawal motion are the result of his new counsel, who was put to trial in other courts.[11]

---

[6] *Id.* (internal quotation marks and citation omitted).

[7] Fed. R. Crim. P. 11(d)(2).

[8] 740 F.2d 339, 343–44 (5th Cir. 1984).

[9] *Id.*

[10] *Powell*, 354 F.3d 362 at 371.

[11] *See United States v. Lord*, 915 F.3d 1009, 1014 (5th Cir. 2019) (collecting cases where "much shorter delays [than eight months] have been deemed unacceptable").

No. 20-50481

A defendant may offset his considerable delay by proffering "substantial reasons" for withdrawal.[12] Gardner argues that he has met this high bar by alleging that his plea was involuntary due to ineffective assistance of counsel.

Because a guilty plea requires the waiver of constitutional rights, it must be "voluntary, knowing, and intelligent."[13] "This requires that the defendant understand the nature of the charges against him, the consequences of his plea, and the nature of the constitutional protections that he is waiving."[14] "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."[15] We agree that here where delay is at the hands of appointed counsel called to trial in other cases, delays of a genre inherent in the dynamic of an active, well moving docket, the delay ought not weigh heavily against the defendant. The district court abuses its discretion when it fails to permit a defendant to withdraw a plea rendered involuntary due to counsel's ineffective assistance.[16]

---

[12] *See Carr*, 740 F.2d at 344 ("[T]he longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion.").

[13] *Lord*, 915 F.3d at 1016 (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[14] *United States v. Strother*, 977 F.3d 438, 445 (5th Cir. 2020) (citing *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014)).

[15] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation marks and citation omitted); *see also United States v. Rumery*, 698 F.2d 764, 766 (5th Cir. 1983) ("[W]here . . . counsel has induced his client to plead guilty based on patently erroneous advice, we may find that the plea itself was involuntary and unknowing.").

[16] *See Urias-Marrufo*, 744 F.3d at 369 (concluding that a district court must permit a defendant to withdraw his plea upon finding it was involuntary due to counsel's ineffective assistance under *Padilla v. Kentucky*, 559 U.S. 356 (2010)); *United States v. McDonald*, 416 F. App'x 433, 436 (5th Cir. 2011) (unpublished) (per curiam) ("Courts

No. 20-50481

Accordingly, we must consider whether Gardner sufficiently alleged facts demonstrating that counsel rendered ineffective assistance, such that he was entitled to an evidentiary hearing on his plea-withdrawal motion.[17] Challenges to guilty pleas based on ineffective assistance of counsel must satisfy *Strickland v. Washington*'s two-part test:[18] (1) that "counsel's representation fell below an objective standard of reasonableness,"[19] and (2) that "counsel's constitutionally ineffective performance affected the outcome of the plea process."[20]

As to counsel's performance, Gardner alleged in his plea-withdrawal motion that his counsel advised him that he could file a suppression motion after entering an unconditional guilty plea. It is well settled that an unconditional guilty plea ordinarily waives the right to challenge all non-jurisdictional defects in the trial court proceedings, including any objection to searches and seizures that violate the Fourth Amendment.[21] At the same

---

must always be diligent to ascertain whether a plea of guilty was understandingly made, and when it appears before sentencing that such a plea was entered by a defendant who . . . acted as a result of mistake, it is an abuse of discretion not to permit the plea to be withdrawn." (alteration in original) (quoting *United States v. Pressley*, 602 F.2d 709, 710–11 (5th Cir. 1979))).

[17] *See Powell*, 354 F.3d at 370.

[18] *Hill*, 474 U.S. at 58 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[19] *Id.* at 57 (internal quotation marks and citation omitted).

[20] *Id.* at 59 ("In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

[21] *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (concluding that when defendant enters an unconditional guilty plea, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within" professional standards).

time, the Federal Rules of Criminal Procedure clearly lay out the method for entering a conditional plea. Any contrary advice as to the effect of an unconditional plea offered by Gardner's counsel was not "within the range of competence demanded of attorneys in criminal cases" as it did not account for the potential of a conditional plea.[22] Therefore, Gardner's allegations satisfy *Strickland*'s performance prong.

As for prejudice, Gardner argued that he would not have pleaded guilty had he known that he was waiving his right to file a motion to suppress, believing that his suppression motion would eviscerate the Government's case against him.[23] While we cannot from our perch evaluate the merits of this allegation, it satisfies *Strickland*'s prejudice prong, if true.[24]

Because Gardner's motion alleged facts sufficient to justify relief under *Strickland* and its progeny, the district court abused its discretion by summarily denying his motion without a hearing.[25] To the extent the Government suggests that Gardner's colloquy with the magistrate judge

---

[22] *See Hill*, 474 U.S. at 57 (internal quotation marks and citation omitted); *McDonald*, 416 F. App'x at 436 (unpublished) (per curiam) (concluding that defendant satisfied *Strickland*'s performance prong by demonstrating that counsel advised him that he would be able to challenge a non-jurisdictional defect following his unconditional plea); *see also Anaya v. Lumpkin*, 976 F.3d 545, 552 (5th Cir. 2020) (recognizing that unreasonable performance under *Strickland* often arises when counsel is "ignoran[t] of a point of law" (quoting *Hinton v. Alabama*, 571 U.S. 263, 274 (2014))).

[23] "It was based on [counsel's erroneous] advice, that the Defendant decided to enter his plea of guilty."

[24] *See Hill*, 474 U.S. at 59; *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (determining that defendant's allegations satisfied *Strickland*'s prejudice prong where he claimed that he would not have pleaded guilty had he known he could file a viable suppression motion); *McDonald*, 416 F. App'x at 436 (concluding that defendant satisfied *Strickland*'s prejudice prong by demonstrating that he would have not pleaded guilty had he been correctly informed of the consequences of an unconditional plea).

[25] *See Powell*, 354 F.3d at 370.

No. 20-50481

during the plea hearing ultimately evidences the voluntariness of his plea, we disagree.[26] It is the "critical obligation of counsel"—not the court—"to advise the client of the advantages and disadvantages" of pleading guilty.[27] Regardless, nothing in that colloquy is in tension with Gardner's understanding that his counsel could thereafter move to suppress.[28] Counsel's failure to meet this obligation "cannot be saved by a plea colloquy."[29]

We vacate the district court's denial of Gardner's plea-withdrawal motion and remand for an evidentiary hearing before our able district judge.

---

[26] Gardner indicated some initial confusion over what he was admitting to during the plea colloquy:

| Magistrate: | Have you read this indictment? |
|---|---|
| Gardner: | Yes, sir. |
| Magistrate: | Do you agree that it's a true and accurate summary of the facts that the government would prove beyond a reasonable doubt? |
| Gardner: | Um. |
| Magistrate: | With respect to the quantity of drugs, I assume you might have a disagreement with respect to that; but other than that, is that what you did, sir? |
| Gardner: | Yes, sir. |

[27] *Padilla v. Kentucky*, 559 U.S. 356, 370 (2010) (internal quotation marks and citation omitted).

[28] *See* FED. R. CRIM. P. 11(b).

[29] *See. Urias-Marrufo*, 744 F.3d at 369.