# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2022

Lyle W. Cayce
Clerk

No. 20-50481

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Maurice Gardner,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 6:18-CR-330-1

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.
Per Curiam:*

Our prior panel opinion, *United States v. Gardner*, 15 F.4th 382 (5th Cir. 2021), is WITHDRAWN and the following opinion is SUBSTITUTED therefor:

Antonio Maurice Gardner urges that he pled guilty to illegal possession of drugs without moving to suppress their seizure on his counsel's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50481

advice that he would raise the legality of the search in his objections to the presentence investigation report. Without a hearing or response from the government, the district court denied his new counsel's motion to allow Gardner to withdraw his plea. The district court eventually sentenced Gardner to 240 months imprisonment and six years of supervised release. We vacate and remand.

"A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). There is no "absolute right to withdraw [a] guilty plea." *Id.* "However, a district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a 'fair and just reason.'" *Id.* (citing FED. R. CRIM. P. 11(d)(2)). Courts in our circuit consider the seven *Carr* factors when deciding whether the defendant has met his burden, namely whether:

> (1) the defendant asserted his innocence, (2) withdrawal would cause the government to suffer prejudice, (3) the defendant delayed in filing the motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources.

*Id.* (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)). "The district court's decision to permit or deny the motion is based on the totality of the circumstances . . . [but] the district court is not required to make findings as to each of the *Carr* factors." *Id.* (citing *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998)).

"The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). In *Badger*, we held that the district court did not abuse its discretion in denying the defendant's motion to withdraw

his guilty plea because the defendant "did not attempt to invoke any of the *Carr* factors to support his Rule [11(d)(2)] motion[]." *Id.* We concluded that the district court did not have an obligation to address the *Carr* factors *sua sponte*. *See id.* ("[W]e did not intend to require the district court to make a specific finding as to each of the seven factors every time a defendant requests to withdraw a guilty plea.").

In contrast, here, Gardner expressly discussed some of the *Carr* factors in his motion to withdraw his guilty plea. He alleged that the plea was involuntary due to the ineffectiveness of his former counsel;[1] that the controlled substances seized from his house were the product of an improperly executed "knock and talk"; that he had told his lawyer he wanted to file a suppression motion because it would end the Government's case against him, but counsel told him "that a motion to suppress would be filed after the entering of the plea"; and that he continued to ask his lawyer about filing a motion to suppress, but counsel finally told Gardner that moving to suppress was no longer an option, and moved to withdraw. Based on those

---

[1] Close assistance of counsel under the *Carr* factors is distinct from an ineffective assistance of counsel claim. *United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014); *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). To the extent that Gardner raises a claim for ineffective assistance, those claims are generally more appropriately addressed on collateral review, rather than on direct appeal. We express no opinion on such a claim at this juncture, other than to note that Gardner's allegations may bear both on application of the *Carr* factors to his instant motion and on an eventual claim for ineffective assistance lodged under 28 U.S.C. § 2255. *E.g.*, *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." (internal quotation marks and citation omitted)); *United States v. Rumery*, 698 F.2d 764, 766 (5th Cir. 1983) ("[W]here . . . counsel has induced his client to plead guilty based on patently erroneous advice, we may find that the plea itself was involuntary and unknowing."); *see Strickland v. Washington*, 466 U.S. 668 (1984) (setting forth two-part test for claims for ineffective assistance of counsel).

allegations, Gardner argued that he had demonstrated a "fair and just reason for withdrawing his plea." Although Gardner referred to the factors under the Sixth Circuit's case law, his motion nevertheless clearly addresses at least *Carr*'s first, second, and third factors, and raises serious arguments about the effectiveness of counsel that touch on the fifth and sixth *Carr* factors as well. The Government did not respond to Gardner's motion and thus did not challenge his factual assertions. Of course, the Government had little time to do so; the day after Gardner filed his motion, the district court, in a one-word order, denied his request to withdraw the plea, without an evidentiary hearing.

Because the district court provided no analysis regarding Gardner's arguments or the court's application of the *Carr* factors beyond a single-word order—"DENIED"—we cannot assess the court's denial of Gardner's motion for an abuse of discretion. On the record before us, we decline to weigh the *Carr* factors in the first instance. *See United States v. Houston*, 792 F.3d 663, 669 (5th Cir. 2015) ("[W]e are a court of review, not first view."). Instead, we REMAND for the district court to consider Gardner's arguments under the *Carr* framework and for such other proceedings, including any evidentiary hearing, as the court deems proper. And we note that nothing in this opinion forecloses any of Gardner's rights under 28 U.S.C. § 2255.

VACATED AND REMANDED.