# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2022

Lyle W. Cayce
Clerk

No. 21-30608

United States of America,

*Plaintiff—Appellee*,

*versus*

David Tran, (78),

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-217

Before Graves, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

David Tran appeals the district court's denial of his motion to withdraw his guilty plea without an evidentiary hearing. Because we find that the district court abused its discretion, we VACATE and REMAND for an evidentiary hearing.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-30608

## FACTS AND PROCEDURAL HISTORY

David Tran[1] was charged by superseding indictment with four counts pertaining to a drug conspiracy.  Tran's first two attorneys were allowed to withdraw, and Robert C. Jenkins was then appointed as his counsel.[2]  Trial was set for February 10, 2020.

On February 3, 2020, Tran wrote a letter to the court seeking a continuance because Jenkins allegedly had only met with him once for less than ten minutes and was not prepared for trial.  Tran also indicated that he had difficulty translating between English and Vietnamese.  The district court ultimately denied the motion.  On February 10, 2020, following jury selection, Tran pleaded guilty to all four counts without the benefit of a plea agreement and sentencing was scheduled.

Tran and Jenkins both signed the factual basis outlining the circumstances of the offenses.  The district court also conducted a colloquy with Tran before accepting his plea.  There was no discussion of any suppression motion, or the waiver thereof, and the difference between conditional and unconditional pleas.

On September 21, 2020, Tran, pro se, sought to remove Jenkins as counsel.  Tran asserted that Jenkins refused to visit, consult with him, answer calls or texts, or provide requested information.  Tran also asserted that Jenkins had "committed grievous errors" prior to his plea and that he planned to pursue collateral claims based on counsel's deficient

---

[1] The pleadings refer to the appellant as "David Tran (78)" based on his year of birth and the fact that a codefendant, who is not relevant here, has the same name.

[2] Gary Schwabe and Stephen H. Shapiro were the first two lawyers.

performance. Thus, Tran said counsel had a conflict of interest. Tran's motion for replacement counsel was denied.

On October 6, 2020, Jenkins moved for a continuance of sentencing, indicating that he needed more time to review the Presentence Investigation Report (PSR) with Tran and that COVID had interfered with his ability to meet with Tran. The district court granted the continuance. Sentencing was rescheduled for January 13, 2021.

On November 27, 2020, Tran filed a second letter motion to dismiss Jenkins for cause, citing irreconcilable differences. Tran also sent letters dated October 6 and 28, 2020, which were filed December 3, 2020, advising the district court that he continued to have communication and representation issues with Jenkins. The district court referred Tran's request to dismiss Jenkins to the magistrate judge for hearing and determination. Jenkins filed a motion to withdraw on January 7, 2021. The district court then continued sentencing to March 3, 2021.

Following a hearing on the motion to withdraw and motion to dismiss counsel on January 15, 2021, the district court granted the motion to withdraw and ordered the Federal Public Defender to appoint new counsel, which was Annalisa Mirón. Mirón subsequently filed an unopposed motion and memorandum for continuance of sentencing. Mirón said that she needed additional time to meet with Tran, conduct necessary investigation, and prepare for sentencing in light of the pandemic. The district court granted the motion and continued the matter until April 21, 2021. Counsel filed a second motion for continuance on April 12, 2021, that was also granted. Counsel filed a third motion for continuance on June 15, 2021. In that motion, counsel set out Tran's lack of understanding that, upon pleading guilty, he waived the right to challenge the admissibility of any evidence obtained via wiretap. Counsel also indicated that she was investigating the

merits of a motion to withdraw Tran's plea as not knowing and voluntary and needed more time. The district court granted the motion and continued sentencing.

On July 21, 2021, Tran filed a "Motion for Withdrawal of Guilty Plea" pursuant to Rule 11(d)(2)(a) of the Federal Rules of Criminal Procedure. Tran asserted that he did not know or did not understand that pleading guilty foreclosed the possibility of further challenges to the wiretap evidence. In his supporting memorandum, Tran advised the court that Jenkins was later suspended from the practice of law in Louisiana for one year and one day due to the deficient representations of other clients. A hearing on the motion was scheduled for August 11, 2021, but later canceled. The government filed a memorandum in opposition to the motion. The district court denied the motion on the briefs by Order and Reasons filed September 10, 2021. Tran was sentenced on September 29, 2021, to 140 months imprisonment as to each count and five years of supervised release as to each count, all to be served concurrently. He then timely filed this appeal.[3]

## STANDARD OF REVIEW

Rule 11 allows a defendant such as Tran to withdraw his guilty plea before sentencing if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also Kercheval v. United States*, 274 U.S. 220, 224 (1927) ("the court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just."). This court reviews a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *see*

---

[3] On October 21, 2021, Mirón filed an ex parte motion to withdraw and substitute CJA attorney John Guenard. That motion was granted on October 25.

*also United States v. Lampazianie*, 251 F.3d 519, 523 (5th Cir. 2001). The district court abuses its discretion in denying a motion to withdraw based on an error of law or a clearly erroneous assessment of the evidence. *See United States v. McKnight*, 570 F.3d 641, 648-49 (5th Cir. 2009); *see also United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998). There is no absolute right to withdraw a guilty plea. *See Powell*, 354 F.3d at 370.

This court also reviews the district court's denial of an evidentiary hearing for an abuse of discretion. *Id.* An evidentiary hearing is required if Tran has alleged facts that, if proven, would justify relief. *Id*; *see also United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984).

## DISCUSSION

### I. Whether the district court abused its discretion in denying Defendant-Appellant's Motion to Withdraw Guilty Plea without an evidentiary hearing.

Tran bears the burden of establishing the fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). In applying the standard, the court considers the following factors: (1) whether Tran has asserted his innocence; (2) whether the government would suffer prejudice if the motion was granted; (3) whether Tran delayed in filing the motion to withdrawal; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to Tran; (6) whether Tran's original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources; "and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion." *Id*. The court considers the totality of the circumstances in applying these factors. *Id*.

Tran argued the *Carr* factors in his motion.  On appeal, Tran also relies on this court's decision to vacate and remand in a similar situation in *United States v. Gardner*, 15 F.4th 382 (5th Cir. 2021).  But that opinion was withdrawn and superseded by *United States v. Gardner*, No. 20-50481, 2022 WL 422167 (5th Cir. Feb. 11, 2022).  However, the court merely concluded in the substituted opinion that because the district court provided no analysis it was unable to assess the denial for an abuse of discretion.  Thus, it remanded for the district court to consider Gardner's *Carr* factors in the first instance.  That is not the case here, where the district court considered the factors.  Also, while *Gardner* is not Tran's sole authority, the cases it relies on are still good law.

Here, the district court set out the applicable law, including the *Carr* factors, and offered a short analysis before denying relief.  Specifically, the district court found that: (1) Tran had not asserted his innocence; (2) withdrawal would prejudice the government; (3) Tran delayed in filing his motion; (5) Tran had adequate assistance of counsel; and (6) Tran's plea was knowing and voluntary.  The court did not make explicit findings as to factors (4) and (7) but made the general statement that "[i]n considering the factors, this court finds that they weigh against" granting Tran's motion.

Of particular significance, the district court said that "these suppression issues were investigated by Defendant's prior counsel before he entered his plea.  Indeed, Defendant had the benefit of discussing his case with three different attorneys prior to entering his plea."  The district court also said that Tran confirmed in his plea colloquy that he had an opportunity to discuss possible defenses with counsel and that his plea was knowing and voluntary.  However, as discussed below herein, there is authority indicating that the plea colloquy is not sufficient to remedy a deficiency by counsel.

The district court cited document 124 as authority for its finding that the suppression issues were investigated by Tran's prior counsel before he entered his plea. Document 124 is the government's motion in limine to preclude Tran from arguing any suppression issue at trial. The district court's order is unclear as to whether it was taking judicial notice of everything contained in the motion or if it was referencing only a particular part of the government's characterization of events that it perhaps finds somehow establishes what Tran's prior counsel investigated.

The district court further said that Tran "had the benefit of discussing his case with three different attorneys prior to entering his plea." The court did not elaborate on what those discussions were. But reliance on any discussion about defenses with counsel does not counter the fact that Tran asserts Jenkins told him he could still raise the suppression issues after entering his plea. The district court cited *United States v. McDonald*, 416 F. App'x 433, 436 (5th Cir. 2011), and disposed of Tran's assertion by stating that Tran "does not, however, present any evidence establishing such a conversation took place." The district court also did not cite any evidence establishing that the discussions it found to have occurred actually took place. Further, *McDonald* is unpublished.

Beyond not being controlling authority, *McDonald* does not appear to support the district court's findings. But it is worth a closer look for various reasons. McDonald's two suppression motions were heard and denied by the district court. *Id.*, 416 F. App'x at 434. McDonald then pleaded guilty. However, McDonald later moved to withdraw his plea on the basis that it was not knowing and voluntary because counsel erroneously informed him that he could appeal the denial of the motions to suppress even if he pleaded guilty. The district court denied the motion. On appeal, this court concluded that the district court abused its discretion in denying McDonald's motion.

Of particular relevance, this court noted that it "does not review claims of ineffective assistance of counsel on direct appeal unless the claim was addressed by the district court or the record is sufficiently developed to allow evaluation of the claim on its merits." *Id.* 416 F. App'x at 435 (citing *United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999)). This court concluded that "[t]he record in this case allows review of McDonald's claim in his direct appeal." *Id.* We also said that the two-part *Strickland* test applies to challenges based on ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We quoted *Hill v. Lockhart*, 474 U.S. 52 (1985), as follows: "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56. Also, the defendant must show that counsel's ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

This court concluded that the erroneous advice by counsel regarding McDonald's appeal rights, including the denial of suppression motions, was error and constituted deficient performance. In doing so, this court noted that McDonald submitted affidavits from himself and counsel indicating that he was advised he could appeal the suppression rulings even if he pleaded guilty. This court then concluded: "That finding should have ended the analysis because both prongs of the *Strickland* analysis were thus satisfied— erroneous advice and prejudice that affected the defendant's decision to plead guilty. Accordingly, McDonald's plea was not knowing and voluntary." *McDonald*, 416 F. App'x at 436. However, this court also said that the district court stated that McDonald's "recourse for ineffective

assistance was a petition for habeas relief" and it "also assumed that McDonald would only be prejudiced by counsel's erroneous advice on the appealability of the suppression issues if the district court's suppression ruling was incorrect." *Id.* "This was error." *Id.* In other words, the claim is not dependent on the outcome of any suppression order. This court reiterated that, when a "defendant waives his constitutional rights by pleading guilty, it is crucial that the waiver be knowing and voluntary." *Id.* When a plea of guilty is made "as a result of mistake, it is an abuse of discretion not to permit the plea to be withdrawn." *Id.* (citing *United States v. Pressley*, 602 F.2d 709, 710-11 (5th Cir. 1979)).

Under *United States v. Urias-Marrufo*, 744 F.3d 361 (5th Cir. 2014), the issue of whether a defendant received ineffective assistance of counsel "is distinct from" and "not, strictly speaking, relevant to the decision of whether [he] was denied close assistance of counsel under *Carr*." *Id.* at 365. Further, there is a distinction between close assistance of counsel under *Carr's* Rule 11 analysis and a claim that a plea was not knowing and voluntary as the result of ineffective assistance. As a general matter, this court will only review a claim of ineffective assistance pursuant to the *Carr* analysis if the record is sufficiently developed to address the merits on appeal or if the district court addressed it. *See Urias-Marrufo*, 744 F.3d at 365; *see also United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); and *McDonald*, 416 F. App'x at 435.

However, whether a defendant received ineffective assistance of counsel is not the same as whether he was denied close assistance of counsel under *Carr*. *See Urias-Marrufo*, 744 F.3d at 365-67. Urias-Marrufo raised a claim under *Padilla v. Kentucky*, 559 U.S. 356 (2010), asserting that the district court abused its discretion in denying her motion to withdraw her guilty plea. *See Urias-Marrufo*, 744 F.3d at 363. Because counsel did not inform her that her guilty plea would subject her to certain deportation,

Urias-Marrufo argued that she received ineffective assistance of counsel under the Sixth Amendment which precluded her from making a knowing and voluntary guilty plea. *Id.* She also asserted that if she had known she would be deported as a result of pleading guilty, she would not have done so.

The district court found that all seven *Carr* factors weighed against Urias-Marrufo. This court concluded that the district court did not abuse its discretion on five of the factors. But the court concluded further inquiry was needed on the remaining two factors, whether Urias-Marrufo had close assistance of counsel at the time of the plea and whether her plea was knowing and voluntary. *Id.* at 365.

Pursuant to *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009), this court conducted a fact-intensive inquiry to determine whether Urias-Marrufo received close assistance of counsel under the *Carr* analysis. *See Urias-Marrufo*, 744 F.3d at 365. This court reiterated, "[i]neffective assistance is a basis for invalidating a conviction under the Sixth Amendment and is not, strictly speaking, relevant to the decision of whether Defendant was denied close assistance of counsel under *Carr* analysis." *Id.* Significantly, Urias-Marrufo said at her plea hearing that she had discussed with her attorney the possible adverse immigration consequences, including deportation, of pleading guilty. In light of that statement, this court concluded that the district court did not abuse its discretion in finding that Urias-Marrufo received close assistance of counsel.

This court then looked to "whether Urias's guilty plea was knowing and voluntary, which is inextricably tied to her ineffective assistance of counsel claim under the Sixth Amendment." *Urias-Marrufo*, 744 F.3d at 365-66. "The crux of Urias's argument is that she did not enter her guilty plea knowingly because she had ineffective assistance of counsel and was not sufficiently informed of the consequences of her plea." *Id.* at 366. "Thus,

No. 21-30608

in Urias's view, she should have been allowed to withdraw her plea on direct appeal rather than wait until a collateral attack to do so, and the district court erred in not addressing it." *Id.* The court explained that *Padilla* was decided in a collateral proceeding, not a direct criminal appeal, but that it raises concerns that should be addressed sooner rather than later if it is clearly raised in a direct appeal. *See id.* at 367. The court noted that Urias-Marrufo clearly raised her *Padilla* claim in the district court as a claim for ineffective assistance of counsel under the Sixth Amendment. *See id.* at 368. The district court found that the duty established in *Padilla* applied only to habeas claims for ineffective assistance of counsel. Further, absent Sixth Amendment considerations, the district court found it sufficient that she "was made aware of the *possible* immigration consequences of her plea, as evidenced by her colloquy… and therefore she had knowingly and voluntarily entered her guilty plea." *Id.* (Emphasis original).

This court concluded that the district court erred in concluding it could not address Urias-Marrufo's *Padilla* claim. *See id.* "It is counsel's duty, not the court's, to warn of certain immigration consequences, and counsel's failure cannot be saved by a plea colloquy." *Id.* at 369. "Thus, it is irrelevant that the magistrate judge asked Urias whether she understood that there might be immigration consequences and that she and her attorney had discussed the possible adverse immigration consequences of pleading guilty." *Id.*

Here, the district court found that Tran confirmed in his plea colloquy that he had an opportunity to discuss possible defenses with his attorney. However, as stated above, this court has said that is not sufficient. While *McDonald* says that the defendant and his counsel submitted affidavits, it in no way requires the submission of affidavits for a successful motion to withdraw a plea. Like Urias-Marrufo, Tran asserted that he would not have

11

pleaded guilty if he had known he would not be able to appeal any suppression issues.

In *United States v. Lord*, 915 F.3d 1009 (5th Cir. 2019), this court said that "we look to whether counsel was available to the defendant throughout the proceedings." *Id*. at 1016. Whether counsel was "available to the defendant throughout the proceedings" is slightly different than whether the defendant was represented by counsel. This is particularly so when there were bases for each attorney to be removed or withdraw. There is no requirement that counsel be suspended in connection to his representation of Tran. Tran does not have to prove ineffective assistance of counsel to get his guilty plea withdrawn. Tran repeatedly attempted to address the suppression issues. He did not just delay for over a year. He attempted to raise it with counsel, and he attempted to raise it with the court. The record indicates that Tran also received correspondence from the district court indicating that he could not file pro se motions because he was represented by counsel.

For these reasons, we conclude that the district court abused its discretion by not conducting a hearing.[4]

## CONCLUSION

Based on the record and the applicable authority, Tran has provided sufficient evidence that the district court abused its discretion in denying an evidentiary hearing on the motion to withdraw his guilty plea. Thus, we VACATE and REMAND for an evidentiary hearing.

---

[4] We recognize that, given the case history here, the potential for dilatory and/or vexatious tactics by defendants might cause district judges to be skeptical of revisiting well-*Boykinized* guilty pleas. This case, however, is one in which sufficient grounds are alleged warranting the evidentiary hearing, at least based on the record before us.